IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| S. COURTNEY E. COLLIER,<br><br>                  Plaintiff,<br>v.<br><br>SEI INVESTMENTS COMPANY, TODD CIPPERMAN, EDWARD LOUGHLIN, RICHARD LIEB, KEVIN JOHNSTON, KEVIN ROBINS and MARK NAGLE,<br><br>                  Defendants. | Civil Action No. 02-3574 |

**DEFENDANTS' ANSWER AND AFFIRMATIVE
DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendants SEI Investments Company ("SEI"), Todd Cipperman, Edward Loughlin, Richard Lieb, Kevin Johnston, Kevin Robins and Mark Nagle (collectively "Defendants"), by their attorneys, hereby serve their Answer and Affirmative Defenses to Plaintiff's Complaint.

1. Defendants admit that Plaintiff has asserted claims against Defendants asserting violations of Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1866 and the Pennsylvania Human Relations Act. Defendants admit further that Plaintiff was an employee of SEI. Defendants deny the remaining allegations of Paragraph 1.

**JURISDICTION AND VENUE**

2. Whether jurisdiction is proper is a conclusion of law to which no responsive pleading is required.

3. Whether jurisdiction is proper is a conclusion of law to which no responsive pleading is required.

4. Defendants admit that Plaintiff has alleged an amount in controversy which exceeds one hundred fifty thousand dollars. The remaining allegations in Paragraph 4 are conclusions of law to which no responsive pleading is required.

5. Whether Plaintiff has exhausted all administrative remedies and whether Plaintiff has done so in a timely manner are conclusions of law to which no responsive pleading is required. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's "other actions" or Plaintiff's receipt of a Notice of Right to Sue.

6. Defendants admit that SEI's main offices are located in Oaks, Pennsylvania and that SEI conducts business in Pennsylvania. The remaining allegations in Paragraph 6 are conclusions of law to which no responsive pleading is required.

7. Whether venue is proper is a conclusion of law to which no responsive pleading is required.

**PARTIES**

8. It is admitted that S. Courtney E. Collier is the Plaintiff in this matter, that Plaintiff is African American and that SEI's records indicate that Plaintiff's address is as set forth in Paragraph 8 of the Complaint. The allegations concerning Plaintiff's racial classification for the purposes of invoking various statutes are conclusions of law to which no responsive pleading is required.

9. It is admitted that Plaintiff was employed by SEI. The remaining allegation relating to Plaintiff's status an "employee" as defined by state and federal statutes is a conclusion of law to which no responsive pleading is required.

10. Admitted.

11. Admitted.

12. Admitted, except that as of June 30, 2002, SEI employed 1,584 individuals on a full time basis.

13. Defendants admit that since January 2000, Defendant Cipperman has served as General Counsel and Senior Vice President for SEI, and that in his capacity as General Counsel, Mr. Cipperman maintained his business address as SEI's corporate headquarters. The remaining allegations of Paragraph 13 are denied.

14. Admitted.

15. Admitted.

16. Admitted, except that it is denied that Mr. Johnston had sole or exclusive responsibility for personnel and benefit matters.

17. Defendants admit that since January 2000, Defendant Robins has served as Senior Vice President of SEI's Family Wealth Unit, and that in his capacity as Senior Vice President of SEI's Family Wealth Unit, Mr. Robins maintained his business address at SEI's corporate headquarters. The remaining allegations of Paragraph 17 are denied.

## **FACTUAL ALLEGATIONS**

18.    Admitted.

19.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19.

20.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20.

21.    It is admitted that in or about February or March 1998, Plaintiff began working at SEI as a contract attorney and that on June 1, 1998 Plaintiff became an SEI employee, in which capacity Plaintiff was given additional responsibilities. It is admitted further that as an employee of SEI, Plaintiff worked as a SEC/NASD marketing compliance attorney and that she was also given assignments relating to employment and immigration law. The remaining allegations of Paragraph 21 are denied.

22.    It is admitted that Plaintiff was given additional responsibilities and assignments at various times during her employment at SEI. The remaining allegations of Paragraph 22 are denied.

23.    It is admitted that while employed in SEI's legal department, Plaintiff worked with the Investment Advisor group to enforce due diligence processes and procedures, approve new investment advisors, and review and approve related contracts. It is further admitted that Plaintiff was involved in various employment law related matters, including the development of website, drafting and reviewing employment policies and contracts, and providing advice to SEI managers regarding various personnel issues. Defendants are without knowledge or information

4

sufficient to form a belief as to the truth of the allegations in Paragraph 23 concerning the specific tasks that Plaintiff allegedly completed. The remaining allegations in Paragraph 23 are denied.

24. It is admitted that Plaintiff was appointed to the position of Vice President/Assistant Secretary - Legal Department. Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 24.

25. It is admitted that in January 2000, Defendant Robins assumed a position in SEI's Family Wealth Unit and that Defendant Cipperman became SEI's General Counsel. It is admitted that Plaintiff was not selected for either of those positions. It is further admitted that the position of General Counsel was not posted prior to January 2000. The allegations relating to SEI's policies and Affirmative Action Plan refer to documents, the terms of which speak for themselves. The remaining allegations in Paragraph 25 are denied.

26. Denied.

27. Denied.

28. Defendants admit that on occasion, Plaintiff complained to Defendant Robins and alleged that she was treated unfairly by Defendant Cipperman. The remaining allegations in Paragraph 28 are denied.

29. It is admitted that in or around April of 2000, Plaintiff complained to Defendant Johnston that she felt Defendant Cipperman was treating her unfairly. The remaining allegations in Paragraph 29 are denied.

30. It is admitted that in or about June 2000, Plaintiff complained to Defendant Johnston, who is involved in handling SEI's personnel issues about an alleged "hostile work environment" and unfair treatment. The remaining allegations in Paragraph 30 are denied.

31. It is admitted that, in response to Plaintiff's complaints, and in an attempt to assist Plaintiff, Defendant Robins asked Plaintiff whether she wished to continue working at SEI, or whether Plaintiff would prefer to seek a separation package. The remaining allegations in Paragraph 31 are denied.

32. It is admitted that Plaintiff complained to Defendant Lieb about alleged discrimination and that Plaintiff requested relief from alleged discrimination and retaliation, a promotion to the position of Director of Workforce Development and the cessation of alleged requests that she terminate her employment with SEI. It is admitted further that Defendant Lieb was a member of SEI's Earnings Per Share Committee, which is responsible for making certain decisions about important issues at SEI. The remaining allegations in Paragraph 32 are denied.

33. It is admitted that on July 18, 2000, following Plaintiff's insistence that she could no longer work in the Legal Department, Plaintiff was informed of her reassignment from her position in the Legal Department as Vice President/Assistant Secretary to a position managing vendor programs for SEI's Mutual Funds Services Division of IS&S, and that the vendor management position required Plaintiff to work in one of SEI's offices in Wayne, Pennsylvania. It is admitted further that in mid July 2000, Plaintiff had complained of discrimination to Defendant Lieb. It is admitted that the general position of Vendor Manager requires a BA or BS in Finance, Marketing, Business Administration or a related field and a Series 6 license. The remaining allegations in Paragraph 33 are denied.

34. Denied.

35. It is admitted that Plaintiff applied for the position of Director of Workforce Development and that the position was awarded to Alice Lindenauer, who is a white female. The remaining allegations in Paragraph 35 are denied.

36. It is admitted that Plaintiff complained to Defendant Lieb and alleged that she was the subject of retaliation for her complaints. The remaining allegations in Paragraph 36 are denied.

37. It is admitted that after Defendant Loughlin completed a thorough and effective investigation of Plaintiff's complaints and found those complaints to be without merit, Defendant Loughlin told Plaintiff that SEI considered the matter of Plaintiff's previous complaints to be closed. The remaining allegations in Paragraph 37 are denied.

38. It is admitted that Plaintiff applied for the position of Head of Operations, Mutual Funds and that that position was given to a more qualified person, Jim Foggo, who is a white male. The remaining allegations in Paragraph 38 are denied.

39. Denied.

40. Denied.

41. Denied.

42. It is admitted that the parties attended a mediation conference before a former federal judge. Defendants are without sufficient knowledge to form a belief to the truth of the

allegations concerning Plaintiff's motivations for attending that conference. The remaining allegations in Paragraph 42 are denied.

43. Denied.

44. Admitted.

45. It is admitted that on April 25, 2002, Plaintiff was notified that her employment with SEI would terminate effective as of April 26, 2002. The remaining allegations in Paragraph 45 are denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

## COUNT I

51. Defendants incorporate herein by reference their responses to Paragraphs 1-50 of the Complaint as though set forth fully herein.

52. (inclusive of (a)-(h)). It is admitted that in July 2001 Plaintiff was reassigned to a position managing vendor programs for SEI's Mutual Funds Services Division of IS&S, and that the position required Plaintiff to work in SEI's office in Wayne, Pennsylvania. The remaining allegations in Paragraph 52(a)-(h) are denied.

## COUNT II

53.  Defendants incorporate herein by reference their responses to Paragraphs 1-52 of the Complaint as though set forth fully herein.

54.  (inclusive of (a)-(i)).  Defendants admit that in July 2001 Plaintiff was reassigned to a position managing vendor programs for SEI's Mutual Funds Services Division of IS&S, and that the position required Plaintiff to work in SEI's office in Wayne, Pennsylvania.  Defendants further admit that in April 2002 Plaintiff was terminated from her employment at SEI.  The remaining allegations in Paragraph 54(a)-(i) are denied.

## COUNT III

55.  Defendants incorporate herein by reference their responses to Paragraphs 1-54 of the Complaint as though set forth fully herein.

56.  (inclusive of (a)-(i)).  Defendants admit that in July 2001 Plaintiff was reassigned to a position managing vendor programs for SEI's Mutual Funds Services Division of IS&S, and that the position required Plaintiff to work in SEI's office in Wayne, Pennsylvania.  Defendants further admit that in April 2002 Plaintiff was terminated from her employment at SEI.  The remaining allegations in Paragraph 56(a)-(i) are denied.

## COUNT IV

57.    Defendants incorporate herein by reference their responses to Paragraphs 1-56 of the Complaint as though set forth fully herein.

58.    (inclusive of (a)-(i)). Defendants admit that in July 2001 Plaintiff was reassigned to a position managing vendor programs for SEI's Mutual Funds Services Division of IS&S, and that the position required Plaintiff to work in SEI's office in Wayne, Pennsylvania. Defendants further admit that in April 2002 Plaintiff was terminated from her employment at SEI. The remaining allegations in Paragraph 58(a)-(i) are denied.

## COUNT V

59.    Defendants incorporate herein by reference their responses to Paragraphs 1-58 of the Complaint as though set forth fully herein.

60.    (inclusive of (a)-(i)). Defendants admit that in July 2001 Plaintiff was reassigned to a position managing vendor programs for SEI's Mutual Funds Services Division of IS&S, and that the position required Plaintiff to work in SEI's office in Wayne, Pennsylvania. Defendants further admit that in April 2002 Plaintiff was terminated from her employment at SEI. The remaining allegations in Paragraph 60(a)-(i) are denied.

## AFFIRMATIVE DEFENSES

1.    Defendants' actions with respect to Plaintiff were based upon legitimate, nondiscriminatory considerations.

2.    To the extent that Plaintiff has failed to mitigate her damages, her claims are barred or diminished.

3. Plaintiff's claims are barred, in part, by the applicable statutes of limitations.

4. Plaintiff's claims are barred by her failure to satisfy the statutory and/or jurisdictional prerequisites for the institution of an action under Title VII of the Civil Rights Act of 1964 and/or the Pennsylvania Human Relations Act.

5. Plaintiff is not entitled to recover punitive damages under the Pennsylvania Human Relations Act.

6. Plaintiff is not entitled to a jury trial for her Pennsylvania Human Relations Act claim.

7. Defendants have in place a strong policy against discrimination and otherwise exercised reasonable care to prevent and correct promptly any discrimination to which Plaintiff claims she was subjected, and Plaintiff unreasonably failed to take advantage of the preventive or corrective opportunities provided by the Defendants or to avoid harm otherwise.

WHEREFORE, Defendants SEI Investments Company, Todd Cipperman, Edward Loughlin, Richard Lieb, Kevin Johnston, Kevin Robins and Mark Nagle respectfully request that judgment be entered in their favor, and that they be awarded costs of the action, attorneys' fees and such other relief as this Court determines to be just and appropriate.

Respectfully submitted,

/s/ Jennifer Bell
MICHAEL L. BANKS
JENNIFER CALABRESE BELL
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA  19103-2921
215-963-5387/5186

DATED: August 2, 2002

## CERTIFICATE OF SERVICE

I, Jennifer Calabrese Bell, hereby certify that a true and correct copy of Defendants' Answer to Complaint and Affirmative Defenses has been served via first-class mail, postage prepaid, this 2nd day of August, 2002, upon the following:

>Alan Epstein, Esquire
>Seven Penn Center
>1635 Market Street, 7th Floor
>Philadelphia, PA 19103

_____
Jennifer Calabrese Bell

Date: August 2, 2002