# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

S. COURTNEY E. COLLIER,

      **Plaintiff,**

   v.

SEI INVESTMENTS COMPANY, TODD
CIPPERMAN, EDWARD LOUGHLIN,
RICHARD LIEB, KEVIN JOHNSTON,
KEVIN ROBINS and MARK NAGLE,

      **Defendants.**

Civil Action No.  02-3574

FILED JAN 1 0 2003

## DEFENDANTS' MOTION TO ENFORCE SUBPOENA

   Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Defendants SEI Investments Company ("SEI"), Todd Cipperman, Edward Loughlin, Richard Lieb, Kevin Johnston, Kevin Robins and Mark Nagle (collectively "Defendants") move for an order to enforce a subpoena it served on December 4, 2002 upon the Access Group, Inc. ("Access Group") commanding Access Group to produce for copying and inspection the documents sought by the subpoena.  In support of this motion, Defendants state the following:

   1.  On June 4, 2002, S. Courtney E. Collier ("Plaintiff" or "Collier") commenced an employment discrimination action in the United States District Court for the Eastern District of Pennsylvania, Civil Action No. 02-3574.

   2.  On December 4, 2002, Defendants served a subpoena upon Access Group, Plaintiff's former employer, commanding that the Access Group produce and permit the inspection and copying of "any and all documents relating or referring to S. Courtney E. Collier" on or before December 16, 2002.

3.      Although Access Group produced some documents in its possession relating to Collier, it refused to produce a copy of Plaintiff's Termination Agreement and General Release (the "Termination Agreement").

4.      Counsel for Defendants made several attempts to resolve the dispute with Access Group regarding the subpoena before resorting to the filing of this Motion.

5.      Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Defendants seek an order enforcing the subpoena and compelling Access Group to produce the documents sought by the subpoena, including the Termination Agreement, and ordering Access Group to pay Defendants their attorney's fees and costs incurred in seeking such an order.

In further support of its Motion, Defendants rely on the accompanying Memorandum of Law.

WHEREFORE, Defendants respectfully request that the instant motion be granted.

Respectfully submitted,

MICHAEL L. BANKS
JENNIFER C. BELL
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA   19103-2921
215-963-5387/5186

DATED: January 10, 2003

2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

S. COURTNEY E. COLLIER,

                         **Plaintiff,**

       v.

SEI INVESTMENTS COMPANY, TODD
CIPPERMAN, EDWARD LOUGHLIN,
RICHARD LIEB, KEVIN JOHNSTON,
KEVIN ROBINS and MARK NAGLE,

                      **Defendants.**

Civil Action No.  02-3574

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF
## MOTION TO ENFORCE SUBPOENA

### I.  INTRODUCTION

On December 4, 2002, Defendants SEI Investments Company ("SEI"), Todd

Cipperman, Edward Loughlin, Richard Lieb, Kevin Johnston, Kevin Robins and Mark Nagle

(collectively "Defendants") served a subpoena upon the Access Group, Inc. ("Access

Group"), a former employer of Plaintiff S. Courtney E. Collier.  The subpoena requested that

Access Group permit the production, inspection and copying of "any and all documents

relating or referring to S. Courtney E. Collier" on or before December 16, 2002.  In response,

Access Group produced some documents relating to Plaintiff, but has repeatedly refused to

produce a Termination Agreement and General Release ("Termination Agreement") that it

has admitted is in its possession.  Therefore, Defendants seek an order enforcing the

subpoena and compelling Access Group to produce the Termination Agreement, and

requiring Access Group to pay Defendants their attorney's fees and costs incurred in seeking

such an order.

## II. **RELEVANT FACTS**

On June 4, 2002, Collier, a former employee of SEI, filed the instant lawsuit, alleging that she was discriminated and retaliated against by Defendants in violation of Title VII of the Civil Rights Act of 1964, the Pennsylvania Human Relations Act and 42 U.S.C. §1981. In her Complaint, Plaintiff specifically references her prior experience and her employment with Access Group. (See Complaint ¶ 20). Because Defendants believed that Access Group may have documents relating to Plaintiff's prior work history, on December 4, 2002, Defendants served a subpoena on Access Group requesting that the following documents be produced:

> Any and all documents referring or relating to S. Courtney E. Collier (SSN 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) including, but not limited to, any application for employment, resume submitted, time records, pay records, employment contracts, performance reviews, disciplinary records, interview notes and description of employee benefits either entitled to or received.

(See Subpoena, attached hereto as Exhibit A). Access Group received the subpoena on December 4, 2002. (See Proof of Service, attached hereto as Exhibit B). Defendants also provided a copy of the Access Group subpoena to Plaintiff's counsel. Plaintiff's counsel has not raised any objection to Defendants' subpoena to Access Group or communicated with Defendants' counsel in any way regarding the subpoena.

On December 9, 2002, Jennifer Bell, as counsel for Defendants, responded to a telephone message from Sheldon Sandler, counsel for Access Group, which had requested information regarding Defendants' subpoena. In that conversation, Sandler stated that he would produce all documents in Access Group's possession relating to S. Courtney E. Collier

with the exception of the Termination Agreement. Sandler asserted that Access Group would

not produce the Termination Agreement because it was subject to a confidentiality agreement

between Access Group and Collier. By letter dated December 12, 2002, Sandler produced

certain documents in response to Defendants' subpoena, but did not produce the Termination

Agreement. (See Letter dated December 12, 2002 from S. Sandler to J. Bell, attached hereto

as Exhibit C).

Subsequently, Defendants' counsel made several attempts to obtain a copy of the

Termination Agreement from Access Group. By letter dated December 18, 2002, counsel for

Defendants Jennifer Bell again requested that Access Group produce a copy of the

Termination Agreement and informed Sandler that Defendants would attempt to schedule a

telephone conference with the Court to resolve the dispute if Access Group did not produce a

copy of the Termination Agreement on or before December 24, 2002. (See Letter dated

December 18, 2002 from J. Bell to S. Sandler, attached hereto as Exhibit D).

By electronic mail message dated December 27, 2002, Sandler inquired as to the

status of the dispute relating to Defendants' subpoena to the Access Group. On December

30, 2002, counsel for Defendants Jennifer Bell responded to Sandler's inquiry by electronic

mail and indicated that, since Defendants had not received a copy of the Termination

Agreement, she would contact the Court on December 31, 2002 to attempt to schedule a

conference call with the Court to resolve the dispute regarding Defendants' subpoena.

Sandler responded to that message on December 30, 2002, indicating that Defendants'

counsel should "proceed as outlined." (See Electronic mail messages dated December 27,

December 30 and December 31, 2002 between S. Sandler and J. Bell, attached hereto as

Exhibit E).

3

On December 31, 2002, counsel for Defendants Jennifer Bell contacted the Court and was told that a telephone conference with the Court regarding the subpoena dispute could not be scheduled and that a motion should be filed to resolve any dispute relating to a third party subpoena. Counsel for Defendants then contacted Sandler by phone, informed him of the Court's directive, and provided notice to Sandler that if a copy of the Termination Agreement was not produced before January 6, 2003, Defendants would file a Motion to Enforce the Subpoena.

### III. ARGUMENT

**A.    This Court Should Compel The Production Of Plaintiff's Termination Agreement And Order Access Group To Pay Defendants' Attorney's Fees and Costs.**

A subpoena is an order of the court from which the subpoena is issued. Fed. R. Civ. P. 45. In accordance with Rule 45, Defendants properly drafted and served a subpoena upon the Access Group. Fed. R. Civ. P. 45(a)-(b). Rule 45(d) provides that an entity served with a subpoena "shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand." Failure to comply with a subpoena may subject a witness to contempt of court. Fed. R. Civ. P. 45(e). The contempt provisions of Rule 45(e) provide, in pertinent part, "[f]ailure by any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued." Fed. R. Civ. P. 45(e).

Obtaining the Termination Agreement is critical to Defendants' ability to effectively conduct discovery in this matter. Based upon the documents received to date from Access Group, Defendants believe that the circumstances surrounding Plaintiff's separation from employment at Access Group are very similar to certain circumstances relating to Plaintiff's

employment with SEI.  Therefore, regardless of whether the Termination Agreement itself will ultimately be admissible at trial in this matter, information regarding the details of Plaintiff's separation from Access Group contained in the Termination Agreement will likely lead Defendants to the discovery of other relevant and admissible evidence.  See Fed. R. Civ. P. 26(b)(1).  Moreover, the production of the Termination Agreement will not result in broad dissemination of the Agreement, as Defendants will treat the Termination Agreement as a confidential document for use only in conjunction with this litigation.

Access Group has refused to produce the Termination Agreement, despite repeated requests, and has failed to proffer any legitimate reason for withholding the Termination Agreement.  Access Group is represented by counsel, and has willfully refused to provide a document that is clearly within the scope of Defendants' subpoena.  The subpoena at issue requested "any and all documents relating or referring to S. Courtney E. Collier" which would clearly include Plaintiff's Termination Agreement.  Accordingly, Defendants ask this Court to hold Access Group in contempt and require Access Group to produce the Termination Agreement, which is subject to Defendants' subpoena.  Further, because Defendants have incurred the expense of preparing this Motion as a result of Access Group's failure to comply, Defendants also request that this Court order Access Group to pay Defendants their costs and attorney's fees incurred in preparing and filing this Motion.

## IV. CONCLUSION

For all the foregoing reasons, Defendants respectfully request that this Court compel the production of the Termination Agreement pursuant to Rule 45 of the Federal

Rules of Civil Procedure and order Access Group to pay Defendants their costs and

attorney's fees incurred in preparing and filing this Motion.

Respectfully submitted,

MICHAEL L. BANKS
JENNIFER C. BELL
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA   19103-2921
215-963-5387/5186

DATED:  January 10, 2003

## CERTIFICATION OF COUNSEL
## PURSUANT TO LOCAL RULE 26.1 (f)

The undersigned attorney for Defendants SEI Investments Company ("SEI"), Todd Cipperman, Edward Loughlin, Richard Lieb, Kevin Johnston, Kevin Robins and Mark Nagle (collectively "Defendants") certifies that Defendants' attorneys have in good faith attempted to resolve the instant discovery dispute with counsel for Access Group Sheldon Sandler ("Sandler"), in an effort to obtain all of the documents sought by subpoena from Access Group. In support of this certification, counsel for Defendants avers as follows:

1.    On December 9, 2002, Jennifer Bell, as counsel for Defendants, contacted Sheldon Sandler to discuss Access Group's response to Defendants' subpoena.

2.    In that conversation, Sandler stated that he would produce all documents in Access Group's possession relating to S. Courtney E. Collier with the exception of a Termination Agreement and General Release (the "Termination Agreement"). Sandler asserted that Access Group would not produce the Termination Agreement because it was subject to a confidentiality agreement between Access Group and Collier.

3.    By letter dated December 12, 2002, Sandler produced certain documents in response to Defendants' subpoena, but did not produce the Termination Agreement.

4.    By letter dated December 18, 2002, counsel for Defendants Jennifer Bell again requested that Access Group produce a copy of the Termination Agreement and informed Sandler that Defendants would attempt to schedule a telephone conference with the Court to resolve this matter if Access Group did not produce a copy of the Termination Agreement on or before December 24, 2002.

5.    By electronic mail message dated December 27, 2002, Sandler inquired as to the status of the dispute relating to Defendants' subpoena to the Access Group. On December 30, 2002, counsel for Defendants Jennifer Bell responded to Sandler's inquiry by electronic mail and indicated that she would contact the Court on December 31, 2002 to attempt to schedule a conference call with the Court to resolve the dispute regarding Defendants' subpoena.  Sandler responded to that message on December 30, 2002, indicating that Defendants' counsel should "proceed as outlined."

6.    On December 31, 2002, counsel for Defendants Jennifer Bell contacted the Court and was told that a telephone conference with the Court regarding the subpoena dispute could not be scheduled and that a motion should be filed to resolve any dispute relating to a third party subpoena.  Counsel for Defendants then contacted Sandler by phone, informed him of the Court's directive, and provided notice to Sandler that if a copy of the Termination Agreement was not produced before January 6, 2003, Defendants would file a Motion to Enforce the Subpoena.

Because Access Group has no intention of responding to the subpoena without an Order of this Court, the parties, after reasonable effort, are unable to resolve the dispute.

By my signature, I certify under penalty of perjury that the foregoing is true and correct.

_Jennifer C. Bell_
Jennifer C. Bell

Executed on ___1/10/03___

## CERTIFICATE OF SERVICE

I, Jennifer C. Bell, hereby certify that a true and correct copy of Defendants'

Motion To Enforce Subpoena has been served via hand delivery, this 10th day of

January, 2003, upon the following:

Sheldon Sandler, Esquire
Young Conaway Stargatt & Taylor LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801

Alan Epstein, Esquire
Seven Penn Center
1635 Market Street, 7th Floor
Philadelphia, PA 19103

Jennifer C. Bell

Date: January 10, 2003

# EXHIBIT A

AO88 (Rev. 11/91) Subpoena in a Civil Case

# United States District Court

### DISTRICT OF DELAWARE

S. COURTNEY E. COLLIER,

                                    Plaintiff,

             v.                                           Civil Action No.  02-3574 (E.D. Pa.)

SEI INVESTMENTS COMPANY, TODD
CIPPERMAN, EDWARD LOUGHLIN,
RICHARD LIEB, KEVIN JOHNSTON,
KEVIN ROBINS and MARK NAGLE,

                                    Defendants.

TO:     Custodian of Records
        Access Group, Inc.
        1411 Faulk Road
        Wilmington, DE 19803

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date and time specified below to
testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear in at the place, date, and time specified below to testify at the taking of a deposition in the above
case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and
time specified below (list documents or objects):

Any and all documents relating or referring to S. COURTNEY E. COLLIER (SSN 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) including, but not limited to, any
application for employment, resume submitted, time records, pay records, employment contracts, performance reviews, disciplinary
records, interview notes and description of employee benefits either entitled to or received.

| PLACE Morgan, Lewis & Bockius LLP, 1701 Market Street, Philadelphia, PA 19103 | DATE AND TIME Monday, December 16, 2002 5:00 p.m. ET |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more
officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person
designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6)

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Jennifer Bell*                    Attorney for Defendant | December 4, 2002 |

Jennifer C. Bell, Esquire
Morgan, Lewis & Bockius LLP, 1701 Market Street, Philadelphia, PA 19103

(See Rule 45, Federal Rules of Civil Procedure on Reverse)

# EXHIBIT B

## PROOF OF SERVICE

| SERVED | DATE 12/4/02 | PLACE ACCESS GROUP INC 1411 FAULK ROAD WILMINGTON, DE 19803 |
|---|---|---|
| SERVED ON (PRINT NAME) BROOKE HALEY | | MANNER OF SERVICE BY HAND |
| SERVED BY (PRINT NAME) DONALD PEACOCK | | TITLE PROCESS SERVER |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on 12/4/02
DATE

*Donald Peacock*
SIGNATURE OF SERVER

2215 ARCH STREET
ADDRESS OF SERVER

PHILADELPHIA, PA 19103

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person

resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.



I acknowledge that I am in receipt of these documents presented to me by the process server.

SIGNATURE

BROOKE HALEY
PRINTED NAME

12/4/02
DATE

RECEPTIONIST
TITLE

# EXHIBIT C

# YOUNG CONAWAY STARGATT & TAYLOR, LLP

BRUCE M. STARGATT
STUART B. YOUNG
BEN T. CASTLE
SHELDON N. SANDLER
RICHARD A. LEVINE
RICHARD A. ZAPPA
FREDERICK W. IOBST
RICHARD H. MORSE
DAVID C. McBRIDE
JOSEPH M. NICHOLSON
CRAIG A. KARSNITZ
BARRY M. WILLOUGHBY
JOSY W. INGERSOLL
ANTHONY G. FLYNN
JEROME K. GROSSMAN
EUGENE A. DIPRINZIO
JAMES L. PATTON, JR.
ROBERT L. THOMAS
WILLIAM D. JOHNSTON
TIMOTHY J. SNYDER
BRUCE L. SILVERSTEIN
WILLIAM W. BOWSER
LARRY J. TARABICOS
RICHARD A. DILIBERTO, JR
MELANIE K. SHARP
CASSANDRA FALINE KAMINSKI
RICHARD J A POPPER
TERESA A. CHEEK
NEILLI MULLEN WALSH
JANET Z. CHARLTON
ROBERT S. BRADY
JOEL A. WAITE
BRENT C. SHAFFER
DANIEL P. JOHNSON
CRAIG D. GREAR
TIMOTHY JAY HOUSEAL
BRENDAN LINEHAN SHANNON
MARTIN S. LESSNER
PAULINE K. MORGAN

C BARR FLINN
NATALIE S. WOLF
LISA B. GOODMAN
JOHN W. SHAW
JAMES P. HUGHES, JR

JOSEPH M. BARRY (NY ONLY)
SEAN M. BEACH
M. BLAKE CLEARY
CURTIS J CROWTHER
JESSICA S. DAVIS
DANIELLE GIBBS
EDWIN J HARRON
SCOTT A. HOLT
EDWARD J KOSMOWSKI
TIMOTHY E LENGKEEK
MAUREEN D LUKE
MATTHEW B. LUNN
JOSEPH A. MALFITANO
ADRIA B. MARTINELLI
MATTHEW B McGUIRE (PA ONLY)
VIVIAN L. MEDINILLA
MARIBETH L. MINELLA
EDMON L. MORTON
MICHAEL R. NESTOR
JENNIFER R. NOEL
JOHN J PASCHETTO
ADAM W POFF
KEVIN M PROFIT
SETH J REIDENBERG
SARA BETH A. REYBURN
FRANCIS J SCHANNE
JOANNE C. SPRINGER-MESSICK
JOHN E. TRACEY
CHRISTIAN DOUGLAS WRIGHT
SHARON M. ZIEG
VIRGINIA A. ZRAKE

THE BRANDYWINE BUILDING
1000 WEST STREET, 17TH FLOOR
WILMINGTON, DELAWARE 19801

P.O. BOX 391
WILMINGTON, DELAWARE 19899-0391

(302) 571-6600
(800) 253-2234 (DE ONLY)
FAX: (302) 571-1253

WRITER'S DIRECT DIAL NUMBERS
VOICE: (302) 571-6673
FAX: (302) 576-3330

E-MAIL: ssandler@ycst.com

H. ALBERT YOUNG
1929-1982

H JAMES CONAWAY, JR
1947-1990

WILLIAM F TAYLOR
EDWARD B MAXWELL, 2ND
SHELDON A. WEINSTEIN
OF COUNSEL

JOHN D MCLAUGHLIN, JR
SPECIAL COUNSEL

GEORGETOWN OFFICE
110 WEST PINE STREET
P O BOX 594
GEORGETOWN, DELAWARE 19947
(302) 856-3571
(800) 255-2234 (DE ONLY)
FAX (302) 856-9338

December 12, 2002

Jennifer C. Bell, Esquire
Morgan Lewis
1701 Market Street
Philadelphia, PA 19103-2921

RE:    **Courtney Collier v. SEI Investments Co., et al.**

Dear Ms. Bell:

As we discussed, I represent Access Group, Inc. and am responding to the subpoena issued on behalf of your clients, the defendants in the above-referenced matter. We have not included time sheets that were recorded on a bi-weekly basis, which are stored off site and would require about five business days to obtain and sort. If you believe it is necessary to have these additional documents produced, please let me know. Also, as we discussed, we have not included Ms. Collier's termination agreement and general release.

Very truly yours,

Sheldon N. Sandler

SNS:sde
Enclosures

WP3:838758.1                                                                48032.1001

# EXHIBIT D

Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103-2921
Tel:  215.963.5000
Fax:  215.963.5001
www.morganlewis.com

**Morgan Lewis**
COUNSELORS AT LAW

Jennifer C. Bell
215.963.5188
jcbell@morganlewis.com

December 18, 2002

Sheldon N. Sandler, Esquire
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE  19801

Re:    Collier v. SEI, et al.
        U.S.D.C. for the Eastern District of Pennsylvania, Civil Action No.  02-3574

Dear Mr. Sandler:

We are in receipt of the documents that you forwarded to us by letter dated December 12, 2002.
As noted in your letter, you did not produce Plaintiff's termination agreement and general
release.  In accordance with the subpoena issued to Access Group, Inc., you are required to
produce a copy of that agreement.  Please forward a copy of Plaintiff's termination agreement
and general release within five business days of this letter.  If we do not receive those documents
by Tuesday, December 24, 2002, we will contact Judge Timothy Savage to schedule a
conference call to attempt to resolve this matter without resorting to the filing of a motion to
enforce the subpoena.

If you have any questions or wish to discuss this matter further, please contact me.

Sincerely,

Jennifer C. Bell

JCB/pmp

# EXHIBIT E

"Sandler, Sheldon N."          To: jshell@morganlewis.com
<ssandler@ycst.com>            cc:
12/27/02 12:15 PM             Subject: Coffer v. SEI

Hello Ms. Sell - Were you able to resolve the pending issue involving the
subpoena of Ms. Collier's agreement?   Your letter of 12/19 stated that you
were going to schedule a conference call with the judge to try and resolve the
issue informally.  Sheldon Sandler

Sheldon N. Sandler
P.O. Box 391
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
302-571-6673 tel
302-576-3330 fax
ssandler@ycst.com

Jennifer C. Bell                To: "Sandler, Sheldon N." <ssandler@ycst.com>
12/30/02 03:47 PM           cc:
                                Subject: Re: Collier v. SEI

Dear Mr. Sandler,

We have not yet resolved the pending issue regarding our subpoena to the Access Group and Ms.
Collier's termination agreement and general release. I indicated to you in my previous letter that if
we did not receive a copy of the agreement on or before December 24, 2002, we would contact
Judge Timothy Savage to schedule a conference call to attempt to resolve this matter without
resorting to the filing of a motion to enforce the subpoena. As we have not yet received a copy of
the agreement, I am planning to contact Judge Savage's chambers tomorrow morning to inquire as
to whether Judge Savage is willing to hold a phone conference to attempt to resolve our dispute
regarding the subpoena. Please contact me if you would like to discuss this matter. Thank you.

Jennifer Bell

Jennifer C. Theresa Bell
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103
215.963.5 8 - ph
215.963.5259 - fax
"Sandler, Sheldon N." <ssandler@ycst.com>

"Sandler, Sheldon N."   To: lcbell@morganlewis.com
<ssandler@ycst.com>   cc:
12/30/02 04:08 PM   Subject: RE: Collier v. SEI

Why don't you proceed as you have outlined. Perhaps Ms. Collier's counsel
will agree to Access Group's production of the agreement.  Sheldon Sandler

Sheldon N. Sandler
P.O. Box 391
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
302-571-6573 tel
302-576-3330 fax
ssandler@ycst.com