**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

S. COURTNEY E. COLLIER,

                               Plaintiff,

v.                                                            Civil Action No.  02-3574

SEI INVESTMENTS COMPANY, TODD
CIPPERMAN, EDWARD LOUGHLIN,
RICHARD LIEB, KEVIN JOHNSTON,
KEVIN ROBINS and MARK NAGLE,

                               Defendants.

## ORDER

**AND NOW** this ____ day of _____, 2003, upon consideration of the motion of Defendants

SEI Investments Company ("SEI"), Todd Cipperman, Edward Loughlin, Richard Lieb, Kevin

Johnston, Kevin Robins and Mark Nagle (collectively "Defendants") for sanctions and any response

thereto, it is hereby **ORDERED** that Defendants' Motion is **GRANTED**, and Defendants are

awarded their  costs, including attorneys' fees, incurred in preparing their Motion to Compel filed on

January 20, 2003 and their Motion for Sanctions.   Within ten (10) days of the date of this Order,

Defendants shall submit a certificate setting forth the amount of costs, including attorneys' fees,

incurred by Defendants in preparing these Motions.  Further, Plaintiff is ordered to reimburse

Defendants for attorneys' fees and costs which will be incurred for a second day of deposition

testimony because Defendants were unable to conclude Plaintiff's deposition on January 23, 2003 as

a result of Plaintiff's failure to provide discovery responses in advance of the deposition.


                                                    _____
                                                    Savage, J.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

S. COURTNEY E. COLLIER,

                      **Plaintiff,**

      **v.**

SEI INVESTMENTS COMPANY, TODD
CIPPERMAN, EDWARD LOUGHLIN,
RICHARD LIEB, KEVIN JOHNSTON,
KEVIN ROBINS and MARK NAGLE,

                    **Defendants.**

**Civil Action No. 02-3574**

## MOTION OF DEFENDANTS FOR SANCTIONS

      Pursuant to Local Rule of Civil Procedure 26.1(g), Defendants SEI Investments

Company ("SEI"), Todd Cipperman, Edward Loughlin, Richard Lieb, Kevin Johnston, Kevin

Robins and Mark Nagle (collectively "Defendants") by their attorneys, hereby submit their

Motion for Sanctions.  Plaintiff has failed to produce responses to Defendants' First Set of

Interrogatories Directed to Plaintiff and First Set of Document Requests Directed to Plaintiff

("initial discovery requests"), which were served almost three months ago.  Moreover, Plaintiff

has failed to comply with the Court's January 22, 2003 Order directing Plaintiff to produce those

responses on or before February 3, 2003.  In support of this Motion, Defendants state as follows:

      1.      Defendants served their initial discovery requests on Plaintiff via hand

delivery on November 8, 2002.  Despite multiple requests and the representations of Plaintiff's

counsel, as of January 20, 2003, Plaintiff had failed to respond to Defendants' initial discovery

requests, or to produce any documents.  Accordingly, Defendants filed a Motion to Compel

responses to Defendants' initial discovery requests on January 20, 2003.  A copy of Defendants'

Motion to Compel, which details Defendants' efforts to obtain responses to Defendants' initial

discovery requests, is attached hereto as Exhibit "1".

2.     On January 22, 2003, the Court issued an Order directing Plaintiff to serve answers to Defendants' First Set of Interrogatories and responses to Defendants' First Set of Document Requests "no later than February 3, 2003." A copy of the January 22, 2003 Order is attached hereto as Exhibit "2".

3.     Despite the Court's Order, to date Plaintiff has not provided any responses to Defendants' initial discovery requests. Moreover, Plaintiff did not contact Defendants' counsel regarding Plaintiff's failure to comply with the Court's Order.

4.     Defendants deposed Plaintiff S. Courtney E. Collier on January 23, 2003. However, Defendants were not able to complete the deposition because of Plaintiff's failure to provide responses to Defendants' initial discovery requests. Accordingly, a second day of deposition, which could have been avoided if Plaintiff had produced those responses before the deposition date, will be necessary.

**WHEREFORE**, Defendants respectfully request that this Court: (a) issue an Order awarding Defendants' costs, including attorneys' fees, incurred in preparing their Motion to Compel filed on January 20, 2003 and this Motion for Sanctions, and (b) order Plaintiff to reimburse Defendants for attorneys' fees and costs incurred for a second day of deposition testimony because Defendants were unable to conclude Plaintiff's deposition on January 23, 2003 as a result of Plaintiff's failure to provide responses or produce documents sufficiently in advance of the deposition.

Respectfully submitted,

MICHAEL L. BANKS
JENNIFER C. BELL
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA   19103-2921
215-963-5387/5186

DATED:  February 5, 2003

2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

S. COURTNEY E. COLLIER,

                      Plaintiff,

     v.

SEI INVESTMENTS COMPANY, TODD
CIPPERMAN, EDWARD LOUGHLIN,
RICHARD LIEB, KEVIN JOHNSTON,
KEVIN ROBINS and MARK NAGLE,

                      Defendants.

Civil Action No.  02-3574

## CERTIFICATION PURSUANT TO LOCAL RULE 26.1(f)

       I, Jennifer C. Bell, attorney for Defendants SEI Investments Company ("SEI"),
Todd Cipperman, Edward Loughlin, Richard Lieb, Kevin Johnston, Kevin Robins and Mark
Nagle (collectively "Defendants"), certify that the parties, after reasonable effort, have been
unable to resolve this discovery dispute.  These efforts are described fully in the attached Motion
and the Motion to Compel attached thereto.

                                   _____
                                   Jennifer C. Bell

Date:   February 5, 2003

# EXHIBIT 1

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

S. COURTNEY E. COLLIER,

                           **Plaintiff,**

        v.

SEI INVESTMENTS COMPANY, TODD
CIPPERMAN, EDWARD LOUGHLIN,
RICHARD LIEB, KEVIN JOHNSTON,
KEVIN ROBINS and MARK NAGLE,

                       **Defendants.**

Civil Action No.  02-3574

## ORDER

**AND NOW** this _____ day of _____, 2003, upon consideration of Defendants SEI Investments

Company ("SEI"), Todd Cipperman, Edward Loughlin, Richard Lieb, Kevin Johnston, Kevin

Robins and Mark Nagle (collectively "Defendants") Motion to Compel and any response thereto, it

is hereby **ORDERED** that Defendants' Motion is **GRANTED**, Plaintiff is ordered to (1) answer

fully Defendants' First Set of Interrogatories and provide the documents requested by Defendants'

First Set of Document Requests within ten (10) days of the date of this Order; (2) reimburse

Defendants for the attorney's fees and costs they have incurred in seeking discovery responses from

Plaintiff, including the filing Defendants' Motion to Compel; and (3) reimburse Defendants for

attorneys' fees and costs incurred for a second day of deposition testimony if Defendants are unable

to conclude Plaintiff's deposition on January 23, 2003 as a result of Plaintiff's failure to provide

responses or produce documents sufficiently in advance of the deposition.

                                      _____

                                        Savage, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| S. COURTNEY E. COLLIER,<br><br>               **Plaintiff,**<br><br>    v.<br><br>SEI INVESTMENTS COMPANY, TODD<br>CIPPERMAN, EDWARD LOUGHLIN,<br>RICHARD LIEB, KEVIN JOHNSTON,<br>KEVIN ROBINS and MARK NAGLE,<br><br>               **Defendants.** | Civil Action No.  02-3574 |

## MOTION OF DEFENDANTS TO COMPEL DISCOVERY

Pursuant to Local Rule of Civil Procedure 26.1(g), Defendants SEI Investments Company ("SEI"), Todd Cipperman, Edward Loughlin, Richard Lieb, Kevin Johnston, Kevin Robins and Mark Nagle (collectively "Defendants") by their attorneys, hereby submit their Motion to Compel Responses to Defendants' First Set of Interrogatories Directed to Plaintiff and First Set of Document Requests Directed to Plaintiff ("initial discovery requests"). This Motion addresses the complete failure of Plaintiff to respond to written discovery requests which were served more than ten weeks ago, despite numerous requests from Defendants' counsel and several grants of extensions of time for responses. In support of this Motion, Defendants state as follows:

1.     Defendants served their initial discovery requests on Plaintiff via hand delivery on November 8, 2002. A copy of the letter accompanying the initial discovery requests is attached hereto as Exhibit "A". Plaintiff's responses to the initial discovery requests were due

by December 9, 2002. <u>See</u> Fed. R. Civ. P. 33(b)(3), Fed. R. Civ. P. 34(b). To date, Plaintiff has failed to provide any responses to Defendants' initial discovery requests.

2.      On December 18, 2002, having failed to receive any responses to the initial discovery requests, Defendants' counsel sent Plaintiff's counsel correspondence formally requesting that Plaintiff respond to the initial discovery requests. A copy of the December 18, 2002 letter is attached hereto as Exhibit "B". Defendants' December 18, 2002 letter to Plaintiff's counsel also enclosed a Notice of Deposition, noticing Plaintiff's deposition for January 9, 2003. The deposition notice was sent after repeated requests to set a mutually convenient date for the deposition were ignored. Plaintiff's counsel did not respond to Defendants' December 18, 2002 letter.

3.      On December 30, 2002, Defendants' counsel sent Plaintiff's counsel correspondence requesting again that Plaintiff respond to the initial discovery requests by January 3, 2003, so that documents and responses could be reviewed sufficiently in advance of the January 9 deposition of Plaintiff. In that letter, Defendants' counsel indicated that Defendants would file a Motion to Compel if Plaintiff's discovery responses were not received by January 3, 2003. A copy of the December 30, 2002 letter is attached hereto as Exhibit "C".

4.      On Friday, January 3, 2002, Plaintiff's counsel left a telephone message for Defendants' counsel requesting additional time to respond to Defendants' initial discovery requests. On Monday, January 6, 2003, Defendants' counsel contacted Plaintiff's counsel by telephone to discuss Plaintiff's request for additional time to respond to Defendants' initial discovery requests. During that conversation, Plaintiff's counsel indicated that he would provide discovery responses to Defendants no later than January 15, 2003, and he requested a postponement of the deposition to permit the service of responses in advance. Accordingly,

Defendants' counsel agreed to postpone the deposition of Plaintiff until January 23, 2003, on the condition that the responses to written discovery and Plaintiffs' documents would be produced as promised sufficiently in advance of the deposition. Defendants' counsel confirmed the commitments made by Plaintiff's counsel in a letter dated January 7, 2003. Defendants' January 7, 2003 letter also enclosed a Notice of Deposition, confirming Plaintiff's deposition for January 23, 2003. A copy of the January 7, 2003 letter is attached hereto as Exhibit "D".

     5.     On January 15, 2003 – the day responses and documents were to be produced pursuant to the extension -- Plaintiff's counsel left a telephone message for Defendants' counsel indicating that he would not be providing responses to Defendants' initial discovery requests until January 17, 2003. Plaintiff's counsel assured defense counsel, however, that the responses and documents would be produced by January 17. On January 15, 2003, Defendants' counsel sent a letter to Plaintiff's counsel indicating that Defendants would file a Motion to Compel if Plaintiff's discovery responses were not received by January 17, 2003. A copy of the January 15, 2003 letter is attached hereto as Exhibit "E".

     6.     Despite multiple requests and the representations of Plaintiff's counsel, Plaintiff still has failed to respond to Defendants' initial discovery requests, or to produce any documents. As a result, Defendants' counsel have been obstructed in their attempts to take discovery and comply with the deadlines imposed by the Court. Additionally, Defendants' attorneys will not be able to prepare adequately for the deposition of Plaintiff, and will be required to reconvene the deposition for a second day after responses to discovery are produced.

     **WHEREFORE**, Defendants respectfully request that this Court: (a) issue an Order compelling Plaintiff to answer fully Defendants' First Set of Interrogatories and provide the documents requested by Defendants' First Set of Document Requests within ten (10) days of

the date of the Order; (b) order Plaintiff to reimburse Defendants for the attorney's fees and costs

they have incurred in seeking discovery responses from Plaintiff, including the filing of this

Motion; and (c) order Plaintiff to reimburse Defendants for attorneys' fees and costs incurred for

a second day of deposition testimony if Defendants are unable to conclude Plaintiff's deposition

on January 23, 2003 as a result of Plaintiff's failure to provide responses or produce documents

sufficiently in advance of the deposition.

Respectfully submitted,

MICHAEL L. BANKS
JENNIFER C. BELL
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA   19103-2921
215-963-5387/5186

DATED:  January 20, 2003

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

S. COURTNEY E. COLLIER,

                   **Plaintiff,**

      v.

SEI INVESTMENTS COMPANY, TODD
CIPPERMAN, EDWARD LOUGHLIN,
RICHARD LIEB, KEVIN JOHNSTON,
KEVIN ROBINS and MARK NAGLE,

                   **Defendants.**

Civil Action No.  02-3574

## CERTIFICATION PURSUANT TO LOCAL RULE 26.1(f)

      I, Jennifer C. Bell, attorney for Defendants SEI Investments Company ("SEI"),

Todd Cipperman, Edward Loughlin, Richard Lieb, Kevin Johnston, Kevin Robins and Mark

Nagle (collectively "Defendants"), certify that the parties, after reasonable effort, have been

unable to resolve this discovery dispute.  These efforts are described fully in the attached

Motion.

                                      *Jennifer Bell*
                               —————————————————
                         Jennifer C. Bell

Date:   January 20, 2003

# EXHIBIT A

Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103-2921
Tel: 215.963.5000
Fax: 215.963.5001
www.morganlewis.com

# Morgan Lewis
COUNSELORS AT LAW

**Jennifer C. Bell**
215.963.5186
jcbell@morganlewis.com

November 8, 2002

**<u>VIA HAND DELIVERY</u>**
Alan B. Epstein, Esquire
Spector, Gadon & Rosen, P.C.
1635 Market Street
Philadelphia, PA 19103

Re:    Collier v. SEI, et al.
       <u>U.S.D.C. for the Eastern District of Pennsylvania, Civil Action No.  02-3574</u>

Dear Alan:

Enclosed are Defendants' Initial Disclosure Statement, Defendants' First Request For Production of Documents and Defendants' First Set of Interrogatories in the above referenced matter.

Plaintiff's responses to Defendants' discovery requests are due on or before December 9, 2002. We would like to schedule Plaintiff's deposition for December 17, 2002.  Alternatively, we are also available during the week of January 6, 2003.  Please let me or Michael Banks know as soon as possible if you and your client are available for one of these dates.  Thank you.

Sincerely,

Jennifer C. Bell

JCB/pmp
Enclosure

# EXHIBIT B

Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103-2921
Tel: 215.963.5000
Fax: 215.963.5001
www.morganlewis.com

# Morgan Lewis
COUNSELORS AT LAW

**Jennifer C. Bell**
215.963.5186
jcbell@morganlewis.com

December 18, 2002

## VIA HAND DELIVERY

Alan B. Epstein, Esquire
Spector, Gadon & Rosen, P.C.
1635 Market Street
Philadelphia, PA 19103

Re:    Collier v. SEI, et al.
       U.S.D.C. for the Eastern District of Pennsylvania, Civil Action No.  02-3574

Dear Alan:

Enclosed are documents produced in response to our subpoena by Access Group, Inc., in connection with the above, Bates nos. AG 0001 – 0206.

I am also enclosing a Notice of Deposition for the deposition of S. Courtney E. Collier.  We have attempted on several occasions to obtain a mutually convenient date and time for Plaintiff's deposition, but we received no dates from you.  Accordingly, we have noticed Plaintiff's deposition for Thursday, January 9, 2003, in our offices.

In addition, please note that Plaintiff's responses to discovery requests served on November 8, 2002 were due on December 9, 2002.  Please forward Plaintiff's discovery responses immediately.

Please do not hesitate to contact me if you wish to discuss this matter.

Sincerely,

Jennifer C. Bell

JCB/pmp
Enclosure

Philadelphia   Washington   New York   Los Angeles   Miami   Harrisburg   Pittsburgh
Princeton   Northern Virginia   London   Brussels   Frankfurt   Tokyo

# EXHIBIT C

Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103-2921
Tel: 215.963.5000
Fax: 215.963.5001
www.morganlewis.com

# Morgan Lewis
## COUNSELORS AT LAW

**Jennifer C. Bell**
215.963.5186
jcbell@morganlewis.com

December 30, 2002

## VIA FACSIMILE AND FIRST CLASS MAIL

Alan B. Epstein, Esquire
Spector, Gadon & Rosen, P.C.
1635 Market Street
Philadelphia, PA 19103

Re:     Collier v. SEI, et al.
        U.S.D.C. for the Eastern District of Pennsylvania, Civil Action No.  02-3574

Dear Alan:

I am writing regarding Defendants' First Set of Interrogatories and Requests for Production of Documents directed to the Plaintiff, which were served on November 8, 2002.  By letter of December 18, 2002, we reminded you that Plaintiff's responses to Defendants' discovery requests were due on December 9, 2002 and requested that you forward those responses immediately.  To date, we have not received Plaintiff's responses.  Please forward Plaintiff's discovery responses to us on or before January 3, 2003.  We will file a motion to compel Plaintiff's responses on January 6, 2003 if we do not receive Plaintiff's responses by January 3, 2003.

Please do not hesitate to contact me if you wish to discuss this matter.

Sincerely,

Jennifer C. Bell

cc:     Brooke Madonna, Esquire

# EXHIBIT D

Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103-2921
Tel: 215.963.5000
Fax: 215.963.5001
www.morganlewis.com

# Morgan Lewis
COUNSELORS AT LAW

**Jennifer C. Bell**
215.963.5186
jcbell@morganlewis.com

January 7, 2003

Alan B. Epstein, Esquire
Spector, Gadon & Rosen, P.C.
1635 Market Street
Philadelphia, PA 19103

Re:     Collier v. SEI, et al.
        U.S.D.C. for the Eastern District of Pennsylvania, Civil Action No.  02-3574

Dear Alan:

This letter shall serve to confirm our telephone conversation wherein you agreed to submit Plaintiff's discovery responses, which were originally due on December 9, 2002, no later than Wednesday, January 15, 2003.

You also indicated that you and your client would be available anytime during the week of January 20, 2003 for Plaintiff's deposition.  Accordingly, I am also enclosing a Notice of Videotape Deposition for S. Courtney E. Collier to be held on Thursday, January 23, 2003, beginning at 10:00 a.m. in our offices.

Please do not hesitate to contact me if you wish to discuss this matter.

Sincerely,

Jennifer C. Bell

JCB/pmp
Enclosure

Philadelphia   Washington   New York   Los Angeles   Miami   Harrisburg   Pittsburgh
Princeton   Northern Virginia   London   Brussels   Frankfurt   Tokyo

# EXHIBIT E

Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103-2921
Tel: 215.963.5000
Fax: 215.963.5001
www.morganlewis.com

# Morgan Lewis
COUNSELORS AT LAW

**Jennifer C. Bell**
215.963.5186
jcbell@morganlewis.com

January 15, 2003

**VIA FACSIMILE and FIRST CLASS MAIL**

Alan B. Epstein, Esquire
Spector, Gadon & Rosen, P.C.
1635 Market Street
Philadelphia, PA 19103

Re:     Collier v. SEI, et al.
        <u>U.S.D.C. for the Eastern District of Pennsylvania, Civil Action No. 02-3574</u>

Dear Alan:

I received your telephone message indicating that you will not be able to submit Plaintiff's responses to Defendants' discovery requests in the above referenced matter until Friday, January 17, 2003. Plaintiff's responses were due on December 9, 2002 and you had previously indicated that you would produce those responses no later than today. It is critical that Defendants have sufficient time to review those responses before Plaintiff's deposition on January 23, 2003. Accordingly, while Defendants will not file a motion to compel those responses today, we will file such a motion if Plaintiff's discovery responses are not received by Defendants on or before Friday, January 17, 2003.

Please contact me if you would like to discuss this matter.

Sincerely,

Jennifer C. Bell /pmp

Jennifer C. Bell

JCB/pmp

## CERTIFICATE OF SERVICE

I, Jennifer C. Bell, hereby certify that a true and correct copy of Defendants' Motion To Compel Discovery has been served via hand delivery, this 20th day of January, 2003, upon the following:

> Alan Epstein, Esquire
> Seven Penn Center
> 1635 Market Street, 7th Floor
> Philadelphia, PA 19103

Jennifer C. Bell

# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| S. COURTNEY E. COLLIER | : | CIVIL ACTION |
| | : | |
| | : | |
| v. | : | NO. 02-CV-3574 |
| | : | |
| | : | |
| SEI INVESTMENTS COMPANY, TODD | : | |
| CIPPERMAN, EDWARD LOUGHLIN, | : | |
| RICHARD LIEB, KEVIN JOHNSTON, | : | |
| KEVIN ROBINS and MARK NAGLE | : | FILED JAN 2 2 2003 |

## ORDER

AND NOW, this 22nd day of January, 2003, upon consideration of the Motion of Defendants to Compel Discovery (Document No. 12), it is **ORDERED** that the defendants' motion is **GRANTED in part and DENIED in part**.[1]  It is **FURTHER ORDERED** that plaintiff shall serve upon counsel for the defendants her answers to Defendants' First Set of Interrogatories and responses to Defendants' First Set of Document Requests no later than February 3, 2003.

TIMOTHY J. SAVAGE, J.

ENTERED
JAN 2 3 2003
CLERK OF COURT

---

[1]Insofar as the defendants' motion seeks sanctions, it is denied at this time.

## CERTIFICATE OF SERVICE

I, Jennifer C. Bell, hereby certify that a true and correct copy of Defendants' Motion For

Sanctions has been served via hand delivery, this 5th day of February, 2003, upon the following:

Alan Epstein, Esquire
Seven Penn Center
1635 Market Street, 7th Floor
Philadelphia, PA  19103

Jennifer C. Bell