IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| S. COURTNEY E. COLLIER,<br><br>                   Plaintiff,<br>v.<br><br>SEI INVESTMENTS COMPANY, TODD CIPPERMAN, EDWARD LOUGHLIN, RICHARD LIEB, KEVIN JOHNSTON, KEVIN ROBINS and MARK NAGLE,<br><br>                   Defendants. | Civil Action No. 02-3574 |

### DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO EXTEND DISCOVERY

Defendants SEI Investments Company ("SEI"), Todd Cipperman, Edward Loughlin, Richard Lieb, Kevin Johnston, Kevin Robins and Mark Nagle (collectively "Defendants"), by their attorneys, hereby oppose Plaintiff's Motion to Extend Discovery.

On April 2, 2003, Plaintiff filed a Motion to Extend Discovery, requesting that the Court extend the discovery deadline of April 18, 2003 by 60 days. In support of this Motion, Plaintiff's counsel stated that an error in a computer calendar program led Plaintiff's counsel to believe that the discovery deadline was 60 days later that the actual date set by the Court's Scheduling Order.

Defendants respectfully submit that Plaintiff's request should be denied. The Court's Scheduling Order provided the parties with five months to complete discovery. Defendants have actively engaged in discovery throughout this period, initiating written discovery on November 8, 2002 and beginning the Plaintiff's deposition on January 23, 2003.[1] Conversely, Plaintiff and

---

[1] Defendants were not able to complete the Plaintiff's deposition on January 23, 2003 because Plaintiff had not yet provided responses to written discovery requests, which had been served 76 days in advance of the deposition. Defendants have made numerous requests to Plaintiff to schedule the second day of Plaintiff's deposition for a date on or before the discovery deadline of April 18, 2003 but have not yet received confirmation from Plaintiff's counsel regarding Plaintiff's availability for that deposition.

her counsel have taken no discovery whatsoever and have provided a litany of excuses at every juncture for her failure to meet discovery deadlines. For example, the first deadline that the parties agreed to related to the exchange of Initial Disclosures on or before November 8, 2002. However, Plaintiff did not provide those disclosures, or contact Defendants for an extension of time, until November 20, 2003. Similarly, despite repeated inquiries, a Motion to Compel and a Court Order requiring Plaintiff to respond to Defendants' November 8, 2002 discovery requests on or before February 3, 2003, Plaintiff waited until February 10, 2003 to produce responsive documents and did not produce written discovery responses until February 14, 2003.

In fact, Plaintiff's most recent request for an extension of the discovery period is the latest in a series of requests to the Court and to Defendants' counsel for additional time to comply with routine discovery obligations. Each time, Plaintiff has proffered an excuse for not complying with a deadline. For example, on four occasions during the period between January 3, 2003 and February 12, 2003, Plaintiff's counsel informed Defendants' counsel by telephone message that he would not be able to meet discovery deadlines. The reasons given on these occasions (January 3, 2003, January 15, 2003, February 7, 2003 and February 12, 2003) for Plaintiff's counsel's inability to provide discovery responses included: inadvertently failing to send information regarding discovery requests to Plaintiff; snow related staffing shortages; delays with duplication services; and inability to contact and/or schedule meetings with Plaintiff.

The circumstances surrounding Plaintiff's most recent request for an extension are all too familiar. Despite ongoing discovery requests from Defendants and a specific reference to the Court's April 18, 2003 discovery deadline in previous correspondence to Plaintiff's counsel,[2]

---

2/   On March 20, 2003, Defendants' counsel responded by letter to Plaintiff's request for an extension of time to respond to Defendants' First Requests for Admissions. In that letter, Defendants' counsel addressed the issue of scheduling the second day of Plaintiff's deposition and specifically stated that "With respect to the second day of Plaintiff's deposition, we would like to make every attempt to schedule Ms. Collier's deposition for

Plaintiff's counsel represents that until he received a letter from Defendants' counsel on March 31, 2003, he believed that over two months remained for discovery in this matter.

The request for an extension of the discovery deadline would be understandable had Plaintiff begun the discovery process at any time in the last five months and run out of time. Unfortunately, that has not been the case. Defendants believe that this matter should move forward as scheduled and Plaintiff's motion should be denied. If the Court determines that some extension of the discovery period is appropriate, Defendants respectfully submit that the Court should not grant a general extension of the discovery period. Rather, if discovery is to be extended, Plaintiff should submit a request detailing what specific discovery Plaintiff would like to conduct outside of the discovery period and a determination should be made as to what discovery is reasonably necessary at this late date.

**WHEREFORE**, Defendants respectfully request that this Honorable Court deny Plaintiff's Motion to Extend Discovery.

Respectfully submitted,

MICHAEL L. BANKS
JENNIFER CALABRESE BELL
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA  19103-2921
215.963.5387/5186

Dated:  April 7, 2003                    Attorneys for Defendants

---

a date on or before April 18, 2003, given the Court's discovery deadline and corresponding motion deadlines." See March 20, 2003 Letter to Alan Epstein from Jennifer Bell, attached hereto as Exhibit A.

# EXHIBIT A

Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103-2921
Tel: 215.963.5000
Fax: 215.963.5001
www.morganlewis.com

# Morgan Lewis
COUNSELORS AT LAW

**Jennifer C. Bell**
215.963.5186
jcbell@morganlewis.com

March 20, 2003

### VIA FACSIMILE AND FIRST CLASS MAIL

Alan B. Epstein, Esquire
Spector, Gadon & Rosen, P.C.
1635 Market Street
Philadelphia, PA 19103

Re:   Collier v. SEI, et al.
      U.S.D.C. for the Eastern District of Pennsylvania, Civil Action No. 02-3574

Dear Alan:

I received your voice message yesterday, in which you requested an extension of time to respond to Defendants' First Requests for Admissions. You also indicated that you would not be able to respond to our request regarding deposition dates for the second day of Plaintiff's deposition because Ms. Collier is on her honeymoon and you anticipate that you will not be able to contact her for approximately two weeks.

We will agree to a 10 day extension of the time for Plaintiff to respond to Defendants' First Request for Admissions, from April 18, 2003 to April 28, 2003. With respect to the second day of Plaintiff's deposition, we would like to make every attempt to schedule Ms. Collier's deposition for a date on or before April 18, 2003, given the Court's discovery deadline and corresponding motion deadlines. We remain available for April 10, 2003 and April 11, 2003 and may also be able to schedule the deposition for a date during the week of April 14, 2003. If it is necessary to schedule Plaintiff's deposition for a date after April 18, 2003 because of Ms. Collier's schedule, it is important that the deposition take place as soon as possible thereafter. Please contact us once you have had an opportunity to consult with Ms. Collier so that we can finalize a date for her deposition.

Alan B. Epstein, Esquire
March 20, 2003
Page 2



Please call me if you have any questions.

Sincerely,

Jennifer C. Bell

JCB/pmp

## CERTIFICATE OF SERVICE

I, Jennifer Calabrese Bell, hereby certify that a true and correct copy of Defendants' Opposition to Plaintiff's Motion to Extend Discovery has been served via hand delivery, this 7th day of April, 2003, upon the following:

>
> Alan B. Epstein, Esquire
> Seven Penn Center
> 1635 Market Street, 7th Floor
> Philadelphia, PA 19103

_____
Jennifer Calabrese Bell

Date: April 7, 2003