IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| S. COURTNEY E. COLLIER, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 02-3574 |
| SEI INVESTMENTS COMPANY, TODD CIPPERMAN, EDWARD LOUGHLIN, RICHARD LIEB, KEVIN JOHNSTON, KEVIN ROBINS and MARK NAGEL, | : |
| Defendants. | : |

## PLAINTIFF'S PRE-TRIAL MEMORANDUM

Plaintiff, S. Courtney E. Collier, Esquire ("Plaintiff" or "Collier"), by and through her counsel, hereby submits this Pre-Trial Memorandum.

**A.    Nature of the Case**

This is an action brought by Plaintiff to redress race and gender-based discrimination and retaliatory practices of the Defendant, under Title VII of the Civil Rights Act of 1964 and 1991, as amended, 42 U.S.C. §2000(e) *et seq.*, 42 U.S.C. §1981 ("§1981") and the Pennsylvania Human Relations Act, 43 Pa. Cons. Stat. Ann. §951 *et seq*.

The jurisdiction of this Court is invoked, pursuant to 42 U.S.C. §2000(e)-5(f), 28 U.S.C. §1331 and §1391. The supplemental jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1367 to consider Plaintiff's claims arising under Pennsylvania state law.

-2-

B.  **Statement of the Facts**

Plaintiff is an African American woman who was employed by defendant, SEI Investments Company ("SEI") as an attorney in its legal department until she was demoted to the position of Vendor Manager. While she was employed in the SEI legal department, Plaintiff was subjected discriminatory and disparate standards of treatment in connection with the terms and conditions of her employment based upon her race and gender. She was also harassed on the basis of her race and gender by her immediate supervisor, defendant, Todd Cipperman ("Cipperman"), who treated male and Caucasian employees more favorably. Plaintiff complained about these discriminatory practices to defendants Kevin Johnston and Richard Lieb. She also complained to defendant Kevin Robins. Notwithstanding her complaints, the defendants failed to take any remedial action and, instead, subjected Plaintiff to unlawful retaliation which included being demoted to the position of Vendor Manager, rejecting her for the position Director of Work Force Development, and ultimately terminating her from the position to which she was involuntarily placed.

C.  **Statement of Damages**

<u>Equal Pay Act</u> – As reflected in the surveys marked as Plaintiff's Exhibit 68, Plaintiff was denied equal pay to her white and male co-workers. Her annual salary

was $75,000.00 while her non-minority counterparts averaged $108, 380.00. She is therefore entitled to damages under the Equal Pay Act through April 25, 2002 as follows:

| | |
|---|---|
| Past Loss of Earnings through 4/25/03 - | $66, 760.00 |
| Past Loss of Bonus through 4/25/03 - | $15,000.00 |
| Past Loss of Benefits through 4/25/03 (18%) | **$11,000.00** |
| TOTAL | **$91, 760.00** |
| Liquidated Damages (Wilful Violation) | **$91, 760.00** |
| **TOTAL** | **$183, 520.00** |

Title VII, §1981, and the PHRA - Plaintiff was denied for several promotions including but not limited a promotion to the Director of Workforce Development which was given to Alice Lindenhauer (white female) on approximately November 1, 2000. That position paid a base salary of $95,000.00 plus bonuses and stock options for an annual loss in excess of $50,000 through the time of plaintiff's termination on April 25, 2002. Plaintiff secured employment with the Philadelphia Workforce Development Corporation (PWDC) in an administrative role (she was unable to secure a legal position largely because of her earlier transfer out of the SEI legal department) as the Vice-President of Operations on September 9, 2002. She was employed with PWDC until approximately April 18, 2003 when the position terminated.

PAST LOSSES

| | |
|---|---|
| Past Loss of Earnings at SEI (as mitigated by actual earnings) | $75,000.00 |

| | |
|---|---|
| Past Loss of Earnings Since Discharge (as mitigated by actual earnings) | $50,000.00 |
| Past Loss of Bonus - | $20,000.00 |
| Past Loss of Benefits (18%) (as mitigated by receipt of benefits in other position) | $1,794.24 |

FUTURE LOSSES

Plaintiff's primary request for relief is reinstatement to a position equivalent to the position of Director of Workforce Development commensurate with her qualifications, education and experience.

In the alternative, plaintiff seeks compensation for her anticipated losses for salary, benefits and bonuses at a rate of $65,00.00 per year until age 65.

| | |
|---|---|
| COMPENSATORY DAMAGES | To be determined by the Jury |
| PUNITIVE DAMAGES | To be determined by the Jury |
| ATTORNEYS FEES AND COSTS (To date) | $148,212.18 |

**D.   Witnesses**

1.   S. Courtney Collier, Esquire
     126 Fairfax Court
     Phoenixville, PA  19460

Plaintiff has knowledge and will testify to matters regarding liability and damages which resulted from the defendants' conduct.  Specifically, Plaintiff can testify to the sex and race discrimination she was subjected to by defendants including, but not limited to, the differential treatment by Cipperman, the unequal pay she received, and her retaliatory transfer to a non-legal position after she complained of the discriminatory conduct.  Plaintiff can also testify to the retaliatory actions taken against her including her demotion and failure to be hired/promoted to the position of Director of Work Force Development.  Plaintiff also will provide testimony regarding her performance and the pretextuality of the reasons given by defendants for their conduct throughout her employment.

2.   Bradley Beyer
     126 Fairfax Court
     Phoenixville, PA  19460

Dr. Beyer has knowledge and can testify to the emotional damages sustained by the plaintiff as a result of the defendants' conduct.

    3.    Ms. Annie W. Collier
           230 Rice Drive
           Bear, Delaware 19

Ms. Collier has knowledge and can testify to the emotional damages sustained by the plaintiff as a result of the defendants' conduct.

    4.    Diedre Callahan
           523 Baird Road
           Merion, PA 19066

Ms. Callahan has knowledge and can testify to matters regarding the unequal treatment of Plaintiff within the workplace at SEI and its discriminatory practices relating to Plaintiff specifically, and women and minorities generally.

    5.    Jean Durante
           1519 Green Valley Drive
           Collegeville, PA 19426

Ms. Durante has knowledge and can testify to matters regarding the unequal treatment of Plaintiff within the workplace at SEI and its discriminatory practices relating to Plaintiff specifically, and women and minorities generally.

    6.    Karen Noyle
           SEI
           1 Freedom Valley Drive
           Oaks, PA 19456

Ms. Noyle has knowledge and will testify to matters regarding the liability of defendants. Specifically, she has knowledge regarding the discriminatory actions taken against the plaintiff as well as knowledge regarding plaintiff's demotion to the position of Vendor Manager.

    7.    Joseph Ugobai
           SEI
           1 Freedom Valley Drive
           Oaks, PA 19456

Mr. Ugobai has knowledge and will testify to matters regarding the liability of defendants. Specifically, he has knowledge regarding consideration of Plaintiff for the position of Director of Operations for joint venture with a French company.

    8.    Todd Cipperman
           SEI
           1 Freedom Valley Drive
           Oaks, PA 19456

Mr. Cipperman has knowledge and will testify to matters relating to Plaintiff's employment in the legal department and regarding the discriminatory and retaliatory actions taken against the Plaintiff. Mr. Cipperman will also testify to the practices, policies, and general discriminatory animus which led to Plaintiff's treatment, including her demotion to the position of Vendor Manager, and her termination.

    9.    Kevin Johnston (as of cross-examination)
           c/o SEI
           1 Freedom Valley Drive
           Oaks, PA 19456

Mr. Johnston has knowledge and will testify to matters regarding Plaintiff's complaints of discrimination and the discriminatory and retaliatory actions taken against her. Mr. Johnston will also testify to the practices, policies, and general discriminatory animus that led to Plaintiff's treatment, including her demotion to the position of Vendor Manager, and her termination. Mr. Johnston will further testify to matters relating to the Plaintiff's performance and the inadequate and improper alleged investigation which followed her complaints of discrimination.

    10.    Kevin Robins (as of cross-examination)
           c/o SEI
           1 Freedom Valley Drive
           Oaks, PA 19456

Mr. Robins has knowledge and will testify to matters regarding Plaintiff's complaints of discrimination and the discriminatory and retaliatory actions taken against her. Mr. Robins will also testify to the practices, policies, and general discriminatory animus that led to Plaintiff's treatment, including her demotion to the position of Vendor Manager, and her termination. Mr. Robins will further testify to matters relating to the Plaintiff's performance and the inadequate and improper alleged investigation which followed her complaints of discrimination.

    11.    Edward Loughlin (as of cross-examination)
           c/o SEI
           1 Freedom Valley Drive
           Oaks, PA 19456

Mr. Loughlin has knowledge and will testify to matters regarding Plaintiff's complaints of discrimination and the discriminatory and retaliatory actions taken against her. Mr. Loughlin will also testify to the practices, policies, and general discriminatory animus that led to Plaintiff's treatment, including her demotion to the position of Vendor

Manager, and her termination. Mr. Loughlin will further testify to matters relating to the Plaintiff's performance and the inadequate and improper alleged investigation which followed her complaints of discrimination.

    12.    Richard Lieb (as of cross-examination)
            c/o SEI
            1 Freedom Valley Drive
            Oaks, PA 19456

Mr. Lieb has knowledge and will testify to matters regarding Plaintiff's complaints of discrimination and the discriminatory and retaliatory actions taken against her. Mr. Lieb will also testify to the practices, policies, and general discriminatory animus that led to Plaintiff's treatment, including her demotion to the position of Vendor Manager, and her termination. Mr. Lieb will further testify to matters relating to the Plaintiff's performance and the inadequate and improper alleged investigation which followed her complaints of discrimination.

    13.    Mark Nagel (as of cross-examination)
            c/o SEI
            1 Freedom Valley Drive
            Oaks, PA 19456

Mr. Nagle has knowledge and will testify to matters regarding Plaintiff's complaints of discrimination and the discriminatory and retaliatory actions taken against her. Mr. Nagle will also testify to the practices, policies, and general discriminatory animus that led to Plaintiff's treatment, including her demotion to the position of Vendor Manager, and her termination. Mr. Nagle will further testify to matters relating to the Plaintiff's performance and the inadequate and improper alleged investigation which followed her complaints of discrimination. Mr. Nagle will also provide testimony regarding the pretexuality of the decision to demote Plaintiff to the position of Vendor Manager and the eventual decision to terminate her employment at SEI.

    14.    Alice Lindenhauer (as of cross-examination)
            c/o SEI
            1 Freedom Valley Drive
            Oaks, PA 19456

Ms. Lindenhauer has knowledge and will testify to matters regarding Plaintiff's complaints of discrimination and the discriminatory and retaliatory actions taken against her. Ms. Lindenhauer will also testify to the practices, policies, and general discriminatory animus that led to Plaintiff's treatment, including her demotion to the position of Vendor Manager, and her termination. Ms. Lindenhauer will further testify to matters relating to the Plaintiff's performance and the inadequate and improper alleged investigation which followed her complaints of discrimination. She will also testify to matters relating to the position of Director of Workforce Development and the circumstances of her hire for that position and her qualifications.

15. Terri Ann Lindelow (as of cross-examination)
    c/o SEI
    1 Freedom Valley Drive
    Oaks, PA 19456

Ms. Lindelow has knowledge and will testify to matters regarding the liability of the defendants. Specifically, she works in SEI's Corporate Events Department and has knowledge regarding the discriminatory animus and practices of defendants in connection with and as reflected by the themes of and selection for participation in the President's Leadership Club.

16. Al West (as of cross-examination)
    c/o SEI
    1 Freedom Valley Drive
    Oaks, PA 19456

Mr. West has knowledge and will testify to matters regarding the liability of the defendants. Specifically, Mr. West has knowledge regarding the discriminatory practices and animus of defendants including the discriminatory treatment of African Americans in connection with the President's Leadership Club.

Plaintiff reserves the right to call any and all witnesses by the defendants in their Pre-Trial Memorandum.

E. **Plaintiff's Exhibits**

P-1. Letter to Courtney Collier from Kevin Robins, dated May 13, 1998.

P-2. Performance Appraisal of Courtney Collier, dated June 1998.

P-3. Performance Appraisal of Courtney Collier, dated June 30, 1999.

P-4. E-mail correspondence to Todd Cipperman from Courtney Collier, dated July 29, 1999.

P-5. Email correspondence between Courtney Collier, Todd Cipperman, and Kevin Robins, dated September 29, 1999.

P-6. Email correspondence between Courtney Collier, Todd Cipperman, and Lori White, dated September 30, 1999.

P-7. Email correspondence to Kevin Robins from Courtney Collier, dated January 6, 2000.

P-8. Email correspondence between Courtney Collier and Todd Cipperman regarding CLE, dated March 23, 2000.

P-9. Email correspondence to Todd Cipperman from Courtney Collier, dated March 31, 2000.

P-10. Memorandum regarding Review of TC, dated June 20, 2000.

P-11. Email correspondence to Kevin Johnston from Courtney Collier.

P-12. Correspondence between Courtney Collier and Todd Cipperman regarding Legal Team, dated June 27, 2000.

P-13. Email correspondence to Christine McCullough from Courtney Collier regarding Legal Team meetings, dated July 7, 2000.

P-14. Memorandum regarding consumer privacy, dated July 7, 2000.

P-15. Memorandum to Kevin Johnston from Courtney Collier regarding complaint, dated July 12, 2000.

P-16. Email correspondence to Courtney Collier from Kevin Johnston regarding read: complaint, dated July 12, 2000.

P-17. Email correspondence to Courtney Collier from Todd Cipperman regarding immigration outsource, dated July 13, 2000.

P-18. Email correspondence to Richard Lieb from Courtney Collier, dated July 16, 2000.

P-19. Transcription of voicemail message from Courtney Collier to Kevin Johnston, dated July 16, 2000.

P-20. Email correspondence to Courtney Collier from Richard Lieb regarding Response, dated July 17, 2000.

P-21. Email correspondence to Richard Lieb from Courtney Collier regarding response, dated July 18, 2000.

P-22. Letter to Courtney Collier from Kevin Johnston regarding reassignment, dated July 18, 2000.

P-23. Email correspondence to Katheryn Stanton from Courtney Collier regarding Vendor Manager, dated July 18, 2000.

P-24. Email correspondence to Richard Lieb from Courtney Collier regarding demotion, dated July 18, 2000.

P-25. Email correspondence to Courtney Collier and Kevin Johnston from Richard Lieb regarding the letter of "reassignment", dated July 19, 2000.

P-26. Email correspondence to Todd Cipperman and Courtney Collier from Leslie Kondziela regarding bi-weekly meetings, dated July 19, 2000.

P-27. Email correspondence to Richard Lieb from Courtney Collier regarding transition plan, dated July 19, 2000.

P-28. Email correspondence to Courtney Collier from Richard Lieb regarding transition plan, dated July 20, 2000.

P-29. Email correspondence to Courtney Collier from Kevin Johnston regarding reply to email of July 18, 2000, dated July 20, 2000.

P-30. Email correspondence to Richard Lieb from Courtney Collier regarding Vendor Manager, dated July 20, 2000.

P-31. Email correspondence to Richard Lieb from Courtney Collier regarding transition II, dated July 20, 2000.

P-32. Email correspondence to Richard Lieb from Courtney Collier regarding clearing my desk, dated July 21, 2000.

P-33. Email correspondence to Courtney Collier from Richard Lieb regarding privileged communication, dated July 21, 2000.

P-34. Memorandum to Richard Lieb from Courtney Collier regarding unfair/discriminatory treatment by Todd Cipperman, dated July 22, 2000.

P-35. Email correspondence to Courtney Collier from Richard Lieb, dated July 31, 2000.

P-36. Ed Loughlin=s handwritten investigative notes.

P-37. Memorandum from Ed Loughlin to Courtney Collier, dated August 18, 2000.

P-38. Email correspondence to Courtney Collier from Edward Loughlin, regarding confidential complaint investigation, dated August 19, 2000.

P-39. Letter to Alfred West, Edward Loughlin, and Richard Lieb from Courtney Collier, dated August 31, 2000.

P-40. Correspondence from Courtney Collier regarding information gathering session, dated August 21, 2000.

P-41. Email correspondence to SEI Corporate HQ Offices and SEI Remote Offices from Kevin Johnston regarding a workshop on preventing, eliminating and responding to harassment, dated August 15, 2000.

P-42. Creating a work environment free of harassment, sponsor: Kevin Johnston, dated July 1, 1997.

P-43. SEI Investments Harassment Policy, dated August 9, 2000.

P-44. EEO Guidelines: Managing, dated August 9, 2000.

P-45. SEI Information Access - homepage.

P-46. SEI Recruiting Hiring Process, dated August 14, 2000.

P-47. SEI Recruiting Process, dated August 14, 2000.

P-48. SEI Recruiting Philosophy, dated August 14, 2000.

P-49. SEI Investments Harassment Policy, dated August 15, 2000.

P-50. SEI Investments Intranet:White Pages Profile of Courtney Collier, dated September 8, 2000.

P-51. Memorandum to Mark Nagel and Katheryn Stanton from Courtney Collier, dated October 28, 2000.

P-52. SEI Investments Intranet White Pages Profile of Courtney Collier, dated November 21, 2000.

P-53. Email correspondence to SEI Corporate HQ Offices and SEI Remote Offices from Alfred West regarding 2000 Leadership Club Invitees, dated February 9, 2001.

P-54. Email correspondence to SEI Corporate HQ Offices and SEI Remote Offices from Alfred West regarding 2002 Leadership Club, dated October 18, 2000.

P-55. Vision Team Meeting and SEI change process, dated October 11, 2000.

P-56. Email correspondence to SEI Corporate HQ Office and SEI Remote Offices from Alfred West regarding corporate vision and organizational changes, dated November 9, 2000.

P-57. Letter regarding Vision Team and EPS Committee Developments, dated November 21, 2000.

P-58.  SEI Vision, dated November 21, 2000.

P-59.  SEI Vision Task Force Objectives, dated November 21, 2000.

P-60.  SEI Leadership Introduction, dated November 21, 2000.

P-61.  SEI Unit/position description, dated November 21, 2000.

P-62.  SEI Vision Task Force Participants, dated November 21, 2000.

P-63.  Questions and answers regarding SEI Vision, dated November 21, 2000.

P-64.  Vision Team Meeting (moving to the new organization), dated January 5, 2000.

P-65.  Letter from Al regarding business leadership roles and attachment of positions.

P-66.  2001 Attendance Controller for Courtney Collier.

P-67.  SEI Outsourcing materials.

P-68.  SEI compensation analysis detail.

P-69.  SEI compensation analysis summary.

P-70.  Affirmative phases.

P-71.  SEI Investments Company Executive Order 11246 Affirmative Action Program for Minorities and Women, dated August 1, 1998 through July 31, 1999.

P-72.  SEI Investments vendor manager description.

P-73.  Letter to Courtney Collier from Maria Rinehart, dated April 25, 2002.

P-74.  SEI personnel file for Courtney Collier.

P-75.  SEI Investments Company Employee Non-Disclosure Non-Compete Agreement signed by Courtney Collier, dated May 13, 1998.

P-76.  Letter to Courtney Collier from SEI Benefits Administration and enclosures, dated April 25, 2002.

P-77.  SEI Career Opportunity for workforce development director.

P-78.  Resume of Courtney Collier.

P-79.  Resume of Alice Lindenaur.

P-80.  Internal Application Form for workforce development director submitted by Alice Lindenaur.

P-81.  Letter to reviewing team from Alice Lindenaur, dated June 28, 2000.

P-82.  Selection tracking for Alice Lindenaur.

P-83.  Personnel action notification for Alice Lindenaur, effective date November 1, 2000.

P-84.  SEI personnel file for Alice Lindenaur.

P-85.  Photograph of 2001 Leadership Club party

P-86.  PHRC Complaint filed by Courtney Collier, dated January 3, 2001.

P-87.  Documents related to Plaintiff's Job Search including Application Cover Letters.

Plaintiff reserves the right to use any and all documents listed by Defendants.

F.  **Anticipated Legal Issues**

No unusual legal issues are anticipated

G.  **Stipulations and Admissions**.

1. The admissions made by defendants in their Answer to Plaintiff's Complaint ¶¶1, 4, 6, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 21, 22, 23, 24, 25, 28, 29, 30, 31, 32, 33, 35, 36, 37, 38, 42, 44, and 45.

2. The admissions made by Plaintiff to Nos. 1, 2, 3, 6, 13, 14, 16, 21, 24, 25, 26, 27, 28, and 29 of Defendants' Request for Admissions.

3. The admissions made by Plaintiff in ¶¶ 1, 2, 3, 7, 8, 11, 13, 14, 15, 16, 18, 19, 22, and 27 of Plaintff's Counter-Statement of Undisputed Facts In Opposition to Defendants' Motion for Summary Judgment.

H.  **Expert Witnesses**

-14-

    Not applicable

**I.**    **Estimated Days for Trial**

    4-5.

                                    Respectfully submitted,

                      BY: _____
                            ALAN B. EPSTEIN
                            JENNIFER L. MYERS
                            SPECTOR GADON & ROSEN, P.C.
                            1635 Market Street, 7th Floor
                            Philadelphia, PA 19103
                            Telephone:  (215) 241-8888
                            Facsimile:  (215) 241-8844