IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| S. COURTNEY E. COLLIER,<br><br>      Plaintiff,<br>  v.<br><br>SEI INVESTMENTS COMPANY, TODD CIPPERMAN, EDWARD LOUGHLIN, RICHARD LIEB, KEVIN JOHNSTON, KEVIN ROBINS and MARK NAGLE,<br><br>      Defendants. | Civil Action No. 02-3574 |

## ORDER

  **AND NOW,** this _____ day of _____, **2003,** upon consideration of Defendants' Opposition to Plaintiffs Motion for the Withdrawal or Amendment of Admissions, and Plaintiffs said Motion, it is hereby **ORDERED** and **DECREED** that said Motion is **DENIED.** Accordingly, the Requests for Admissions set forth in Defendants' First Requests for Admissions Directed to S. Courtney E. Collier are deemed admitted.

AND IT IS SO ORDERED.

                          **BY** THE COURT:

                          _____
                          SAVAGE, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| S. COURTNEY E. COLLIER,<br><br>                 Plaintiff,<br>v.<br><br>SEI INVESTMENTS COMPANY, TODD CIPPERMAN, EDWARD LOUGHLIN, RICHARD LIEB, KEVIN JOHNSTON, KEVIN ROBINS and MARK NAGLE,<br><br>                 Defendants. | Civil Action No. 02-3574 |

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR THE WITHDRAWAL OR AMENDMENT OF ADMISSIONS**

Defendants SEI Investments Company ("SEI"), Todd Cipperman, Edward Loughlin, Richard Lieb, Kevin Johnston, Kevin Robins and Mark Nagle (collectively "Defendants"), by their attorneys, hereby submit this Memorandum of Law in opposition to Plaintiff's Motion for the Withdrawal or Amendment of Admissions pursuant to Rule 36(a) of the Federal Rules of Civil Procedure.[1]

I. **INTRODUCTION**

---

[1] On May **5, 2003,** Plaintiff submitted a Memorandum of Law in Opposition to Defendants' Motion for Summary Judgment. In addressing Defendants' position that the facts set forth in Defendants' Requests for Admissions should be deemed admitted because of Plaintiff's failure to serve timely answers, Plaintiff requested that the Court consider the Memorandum as a Motion for the Withdrawal or Amendment of the Admissions. See Plaintiffs Opposition to Defendants' Motion for Summary Judgment, at p. **2,** n. 1. Accordingly, Defendants submit this memorandum in opposition to Plaintiffs Motion for the Withdrawal or Amendment of the Admissions. In the event that the Court does not treat Plaintiff's memorandum as a Motion for Withdrawal or Amendment, Defendants request that the Court consider this Memorandum as a Motion to Deem as Admitted Defendants' Requests for Admissions, in accordance with Federal Rule of Civil Procedure **36.**

**I.      INTRODUCTION**

Throughout this litigation, Plaintiff has repeatedly failed to comply with discovery deadlines. This pattern continued when Plaintiff failed to respond to Defendants' Requests for Admissions on or before the extended deadline of April 28, 2003. In accordance with Federal Rule of Civil Procedure *36,* Defendants considered the matters in their Requests for Admissions to be admitted, and relied upon the facts established by those admissions in their Motion for Summary Judgment, filed on May 19, 2003.

On May 23, 2003, Defendants' counsel received, for the first time, Plaintiffs Answers to Defendants' Requests for Admissions. See Declaration of Michael L. Banks, attached hereto as Exhibit A. Although Plaintiffs counsel asserts that he served these Answers on a timely basis on April 24, 2003, there are serious questions regarding these representations by Plaintiffs counsel. Regrettably, as discussed below, the circumstances suggest that the Answers may have been created on May 22 or 23, almost a month after Plaintiff claims that the Answers were served.

Even if, as Plaintiff now represents, the Answers were timely, the Court should deem them admitted, and strike the general denials. Plaintiff's Answers merely consist **of** one word admissions and denials, which clearly fail to meet Rule 36's requirement that each answer "specifically deny [the truth of] the matter" contained in the request. See Plaintiffs Answers to Defendants' Requests for Admissions, attached hereto as Exhibit B. Moreover, Plaintiff has failed to comply with the requirement that a responding party perform a "reasonable inquiry" as part of **its** good faith effort in responding to requests for admissions. This is readily apparent from Plaintiffs testimony at the second day of her deposition, on May 29, 2003, during which Plaintiff conceded that she had never conducted a meaningful review of the substance of her

Answers to Defendants' Requests for Admissions. Indeed, she says that she never even saw the Answers, in draft or final form, until a month after her attorney claims to have served them. That explains why a number of the Answers that were ultimately served on May 23 were inaccurate and incomplete, as Plaintiff acknowledged at her deposition.

Finally, if this Court is unable to determine based on the existing record whether the Answers were prepared and served on a timely basis, or whether they were backdated, it is requested that an examination of the computer of Plaintiff's counsel be ordered. As described in the attached Declaration of Defendants' counsel, the circumstances presented here cast serious doubt on the suggestion that the Answers were created and served on April 24, and Mr. Epstein has not cooperated in arranging for the examination of his computer, which would likely confirm or refute this assertion.

## 11.  **FACTUAL BACKGROUND**

Defendants served Plaintiff with their Requests for Admissions via hand delivery on March 19, 2003. <u>See</u> Defendants' Requests for Admissions Directed to S. Courtney E. Collier, attached hereto as Exhibit C. On that same day, Plaintiffs counsel, Mr. Epstein, contacted Defendants' counsel to ask for an extension of time to respond to the Requests because his client was travelling and would not be available to consult with him for approximately two weeks. <u>See</u> Certification of Jennifer C. Bell, at ¶ 3, attached hereto as Exhibit D. Defendants agreed to extend the deadline for a response from April 18, 2003 to April 28, 2003. <u>See</u> Exhibit D, at ¶ 4; March 20, 2003 letter from Jennifer C. Bell to Alan B. Epstein, attached hereto as Exhibit E. As of May 19, 2003, the date on which Defendants' summary judgment motion was due and 21 days after Plaintiffs response to the Requests were due, Defendants had received no answer to the Requests. <u>See</u> Exhibit D, at ¶ 5. Therefore, Defendants treated the Requests as admitted

3

pursuant to Rule 36(a) and requested that the Court grant summary judgment to Defendants on all counts of Plaintiffs Complaint. See Defendants' Motion for Summary Judgment and Statement of Undisputed Facts in Support of Their Motion for Summary Judgment.

Although the discovery deadline had already lapsed, depositions of various SEI witnesses took place on May 22 and May 23, three and four days after Defendants' Motion for Summary Judgment was filed. See Exhibit A, at ¶ 4. On May 22, 2003, Plaintiffs counsel handed Defendants' counsel Michael Banks a sealed envelope containing a letter addressed to Defendants' co-counsel, Jennifer Bell. See Exhibit A, at ¶ 4; letter from Alan B. Epstein to Jennifer C. Bell dated May 22, 2003 and Verification signed by Plaintiff, attached hereto as Exhibit F. The letter contained in this envelope indicated that "pursuant to [his] letter of April 24, 2003," Plaintiffs counsel was enclosing Plaintiffs signed verification "to her answers to Defendants' Requests for Admissions." See Exhibit A, at ¶ 4; Exhibit F. This was the first notice to Defendants of the existence of any answers to Defendants' Requests for Admissions. See Exhibit A, at ¶ 5.

On May 23, 2003, Defendants' counsel met with Plaintiff's counsel, and pointed out that they had not received any answers to Defendants' Requests for Admissions, as reflected in Defendants' Motion for Summary Judgment that had been filed and served four days earlier. See Exhibit A, at ¶ 6. Plaintiffs counsel, who was in a conference room at his firm's office, responded immediately that he had not received service of Defendants' Motion for Summary Judgment (he suggested that he did not know that there was any issue as to the Requests for Admissions) and provided Defendants with a copy of an April 24, 2003 cover letter and Plaintiffs Answers to the Requests for Admissions, dated April 24, 2003. See Exhibit A, at ¶¶ 7-8; Exhibit B; letter from Alan B. Epstein to Jennifer C. Bell dated April 24, 2003, attached

4

hereto as Exhibit J. The unsigned Answers, which Plaintiffs counsel happened to have on the conference table at the deposition, contained one word admissions or denials of the Requests. See Exhibit A, at ¶ 8; Exhibit B. Plaintiff's counsel's contention that he had not received Defendants' Motion for Summary Judgment as of May 22, 2003 seemed unusual, at best. See Exhibit A, at ¶ 7. Of all of the documents served by counsel for the parties in the course of this case, it seemed implausible that only Plaintiffs' April 24 Answers and Defendants' Motion for Summary Judgment, <u>in which Defendants noted that they had never received Answers to the Requests</u>, were lost in the mail.

      These circumstances led Defendants' counsel to request details from Plaintiff's counsel regarding Plaintiff's alleged service of answers to Defendants' Requests for Admissions on April 24, 2003. See Exhibit A, at ¶¶ 5, 9. In response to Defendants' counsel's inquiry, Plaintiffs counsel was unable to provide any proof that he created or served the Answers in April. He then attempted to explain the unusual circumstances that led Defendants' counsel to believe that the Answers were not prepared until May. See Exhibit A, at ¶¶ 11-12; Affidavit of Alan B. Epstein, attached hereto as Exhibit H. Plaintiff's counsel maintains that he mailed a copy of Plaintiffs Answers to the Requests on April 24, 2003 after consulting with his client. See Exhibit H, at ¶ 6. He further maintains that his client was unavailable to sign the verification and thus he signed a verification of the answers with his client's permission. See Exhibit H, at ¶¶ 3, 6. Plaintiffs counsel offers no explanation of why he could not obtain Plaintiffs verification by mail or fax. In fact, Plaintiffs counsel's claim that his client was unavailable to sign a verification on or about April 24, 2003 is curious, given that on April 28, 2003, Mr. Epstein's co-counsel, Jennifer Myers, sent two medical waiver authorizations to Defendants' counsel, Jennifer Bell, by hand delivery. See Letter from Jennifer Myers to Jennifer Bell with attached medical waivers,

5

attached hereto as Exhibit G.[2/] The original medical waiver authorizations attached to Ms. Myers' letter indicate that they were signed and dated by Ms. Collier on April **23, 2003**, one day before Plaintiffs counsel claims to have served Answers to Defendants' Requests for Admissions. See Exhibit G.

Because of these irregularities, Defendants' counsel contacted Plaintiffs counsel to seek some showing that the Answers were prepared in April rather than late May, after Defendants' summary judgment motion was served. See Exhibit A, at ¶ 9. The **two** attorneys arranged a meeting at Plaintiff's counsel's office on Saturday, May **24,** to examine Mr. Epstein's computer in an attempt to track the history of the document. See Exhibit A, at ¶ 9. An examination of the Answers' document's "Properties" revealed that it was created on May **23**.[3] See Exhibit A, at ¶ 10. Likewise, the Properties tab of the cover letter dated April **24** reflected that the cover letter was created on May **23.** See Exhibit A, at ¶ 9. Plaintiffs counsel then explained that those documents displayed **a** more recent creation date because he moved the documents from one drive or folder to another on his network, on May **23,** after learning that there was a question as to when the documents were created and served. See Exhibit A, at ¶ 11. According to Plaintiffs counsel, the "creation" date on the Answers changed when he moved the document from an electronic folder or case file system typically used for pleadings to another electronic case file in which discovery files were stored. See Exhibit A, at ¶ 11. No explanation was provided as to why the electronic version of the cover letter was saved to a different folder or hard drive, thus similarly generating a new "creation" date. When Defendants' counsel asked to see the original

---

[2/]   Although Ms. Myers' cover letter is dated April 22, 2003, it was received by hand delivery by Defendants' counsel on April **28, 2003.**

6

files in the original electronic folders, Plaintiffs counsel asserted that the original electronic versions were deleted immediately after the transfer. See Exhibit A, at ¶ 11. Contrary to Plaintiffs counsel's Affidavit, which suggests that the creation date issue was resolved by the two attorneys, this incident increased Defendants' concerns regarding the circumstances relating to the alleged service of Plaintiffs Answers. See Exhibit H, at ¶ **12.**

On May **29, 2003,** Defendants completed the second day of Plaintiff's deposition. During her deposition, Plaintiff admitted that she did not remember seeing a written version of the Answers to the Requests – either in draft or in final form – in April **2003.** See Deposition of Courtney Collier on May **29, 2003** ("Collier Dep."), excerpts **of** which are attached hereto as Exhibit I, at **366-67.** Plaintiff also conceded that she had no recollection of seeing the Requests themselves prior to May **22.** See Collier Dep., at **367.** Significantly, Plaintiff testified that she had disagreements with her counsel over several of the Answers to the Requests when she met with him on May **22** to look over the Answers to the Requests and sign the Verification in the morning before the depositions began on May **22.** See Collier Dep., at **353, 361-365.** It **is** odd, to say the least, that any discussion of the substance of the Answers appears to have occurred for the first time almost a month after the answers were supposedly served, almost five weeks after the discovery deadline, and just a few days after the service of a summary judgment motion that highlighted the failure to serve any answers.

---

[3] Plaintiffs counsel utilizes the Microsoft Word software program, which contains a "Properties" menu that allows an individual to check the date on which a document was created.

During her May 29 deposition, Plaintiff admitted that several of the denials in her Answers to Requests for Admissions were wholly inaccurate. For example, with respect to Request No. 4, which states, "Plaintiff was criticized by her supervisors about job performance before she began to report to Defendant Cipperman," Plaintiff's written answer denied the truth of this statement. See Exhibit B; Exhibit C. However, during her deposition, Plaintiff admitted that she had received such criticisms. See Collier Dep. at 369-70. Similarly, with respect to Request Number 11, which states, "Plaintiff submitted a written summary of her complaints regarding alleged discrimination on July 22, 2000," Plaintiffs written answers denied the truth of this statement. See Exhibit B; Exhibit C. When questioned at her deposition, however, Plaintiff admitted that she <u>did</u> submit such a written summary on July 22, 2003 and that Request Number 11 is an accurate statement. See Collier Dep., at 385. Similarly, Request Number 7 stated, "During her employment at SEI, Plaintiff never heard any SEI employee make any derogatory comments about women." See Exhibit C. In Plaintiff's Answers, she denies the truth of this statement. See Exhibit B. When questioned at her deposition, however, Plaintiff admits that she never heard another employee make any such comments. See Collier Dep., at 374. Similarly, Request Number 22 states, "Plaintiffs qualifications for the position of Head of Operations for Mutual Fund Services were not superior to those of James Foggo." See Exhibit C. Again, Plaintiff's Answer denies the truth of the statement. See Exhibit B. At her deposition, Plaintiff once again conceded that the statement was true. See Collier Dep. at 404-05.

In addition to the Answers to Defendants' Requests for Admissions that were plainly wrong, Plaintiff's deposition testimony also revealed that, at a minimum, several of her denials

8

to Defendants' Requests for Admissions should have, at a minimum, been **qualified.**[4/] It appears that Plaintiff never conducted a meaningful review of the Answers, either in April when her attorney says the Answers were served, or a month later, or when Plaintiff was asked to sign a verification. Plaintiff testified that when she signed the verification on May 22, 2003, she performed a "cursory" review of the Answers to determine whether they were accurate. See Collier Dep., at 354-55. Of course, since the Answers used no words other than "admitted" and "denied," such a review would have been utterly meaningless. Perhaps Ms. Collier merely signed a verification on faith, or perhaps she glanced at a two page document that she verified without any factual examination for accuracy. In either event, even at that late date, no attempt was made to comply with Rule 36 and provide complete, truthful, accurate answers.

In light of these circumstances, Defendants' counsel requested again that Plaintiffs counsel permit an expert to examine Plaintiff's counsel's laptop computer, in order to determine the actual date that the answers and cover letter at issue were created. See Exhibit A, at ¶ **13-15.** Although Plaintiff's counsel expressed agreement on several occasions, he did not cooperate in establishing a time or date for the expert inspection. Defendants' counsel's persistent attempts to schedule a date for Defendants' expert to examine the hard drive of Plaintiff's counsel's laptop

---

**4/**   For example, with respect to Request Number **8,** which **states,** "Prior to July 2000, Plaintiff did not complain to a superior or a person in a position of authority at SEI that she had been subjected to discrimination on the basis of race and/or gender," Plaintiffs Answer denies the truth of this statement. See Exhibit B; Exhibit C. However, Plaintiff testified at her deposition that she did not remember whether she complained about discrimination due to her race or gender before July 2000. See Exhibit B; Collier Dep., at 375-76. Similarly, Request Number 30 states, "Plaintiffs employment with SEI was terminated as part of a reduction in force, which included the elimination of her entire department." See Exhibit C. Although Plaintiff's Answer once again denies the truth of the statement, she admitted in her deposition that SEI told her that her termination was the result of a reduction in force and asserted that she did not know whether that explanation was true or false. See Exhibit B; Collier Dep. at 407, 434-36.

9

failed because Plaintiffs counsel would not make himself or his laptop available on any of the proposed dates, nor did he provide any alternative dates. See Exhibit A, at ¶ 15.

## II. DISCUSSION

Federal Rule of Civil Procedure 36(a) provides that Requests for Admissions are deemed admitted if the respondent fails to submit written answers or objections to the requests within 30 days, or within such time as the parties agree in writing. Fed. R. Civ. P. 36(a). In addition, the Rule explicitly requires that the answer specifically deny the matter raised in each request, and that good faith requires a party to qualify its answer when only a part of the request can be denied. Id. A responding party must make a reasonable inquiry as to the truth of the matter set forth in each request. Rhone-Poulenc Rorer, Inc. v. Home Indemnity Company, C.A. 88-9752, 1992 U.S. Dist. LEXIS 20249, at *8 (E.D. Pa. 1992). In providing untimely and insufficient answers to Defendants' Requests for Admissions, Plaintiff has ignored the basic requirements of Rule 36, thereby subverting Rule 36(a)'s primary purpose of streamlining trial by narrowing the issues to those in dispute. Caruso v. Coleman Company, C.A. 93-6733, 1995 U.S. Dist. LEXIS 7934, at * 3 (E.D. Pa. June 7, 1995).

### A. The Requests For Admissions Should Be Deemed Admitted Because Plaintiff's Answers to Defendants' Requests Were Untimely.

These circumstances lead inescapably to the conclusion that Plaintiff failed to respond to Defendants' Requests until well after the date on which they were due – and, in fact, well after the discovery and dispositive motion deadlines. Under Rule 36(a), therefore, each matter presented in the Requests is deemed admitted. McNeil v. AT&T Universal Card, C.A. 96-4042, 192 F.R.D. 492, 494 (E.D. Pa. 2000); Cross v. Harris Corp., C.A. 97-3703, 1998 U.S. Dist. LEXIS 9504, at * 5 n.1 (E.D. Pa. June 30, 1998). In McNeil, the plaintiffs failed to respond to the requests for admissions served on them by the defendant. The court held that all matters

contained in the requests for admissions were deemed admitted. McNeil, **192** F.R.D. at **494.** These admissions resulted in Plaintiffs' concession "that they were unaware of any facts supporting any of the substantial allegations in their complaint" and the court accordingly granted summary judgment in defendant's favor. Id. In Cross, the court reached a similar conclusion, granting summary judgment to defendants where plaintiff failed to respond to their requests for admissions. Cross, **998** U.S. Dist. LEXIS **9504,** at **\* 5** n.1.

Plaintiff has not provided any legitimate basis for the requested withdrawal of the admissions made by virtue of her failure to provide timely answers to Defendants' Requests for Admissions. Fed. R. Civ. P. 36(b) provides that a "court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits." Where a party who obtained an admission can demonstrate such prejudice, the court should not allow the withdrawal or amendment of such admissions. See Day v. Milling, C.A. **95-1704, 2000** U.S. Dist. LEXIS **15965,** at **\*8** (D. Conn. Feb. **22, 2000)** (holding that plaintiff would be prejudiced by withdrawal of deemed admissions).

Here, Defendants filed their motion for summary judgment before receiving any response Defendants' Requests for Admissions and relied heavily on the admissions to the unanswered Requests in their Motion for Summary Judgment. Further, this case is scheduled to enter the trial pool in July and Defendants have relied on the admissions to their Requests in preparing for trial. Clearly, Defendants will suffer prejudice if Plaintiff is allowed to withdraw her admissions. In contrast, Plaintiff makes no effort to show that amending or withdrawing Plaintiffs admissions would subserve the presentation of the merits of the case. See Skoczylas v. Atlantic Credit and

Finance, C.A. 00-5412, 2002 U.S. Dist. **LEXIS 429,** at *9 **(E.D.**Pa. Jan. 14, 2002) (moving party must show that allowing amendment or withdrawal of admissions will promote decision on merits)(citation omitted).

In deciding whether to grant Plaintiffs Motion for Withdrawal or Amendment of Admissions, Rule 36(b) instructs the court to consider whether such a ruling would subserve presentation on the merits <u>and</u> whether it would cause prejudice to Defendants. While Plaintiff fails to do anything more than drop a footnote that the Court should treat her opposition to summary judgment as a motion for withdrawal or amendment of the admissions, Defendants have suffered significant prejudice as a result of Plaintiffs untimely and improper answers. For the above reasons, the Court should deny Plaintiffs Motion for the Withdrawal or Amendment of Admissions.

**B.    Defendants' Requests For Admissions Should Be Deemed Admitted Because Plaintiff's Answers Are Insufficient Under Rule 36(a).**

Even if this Court were to find that Plaintiff submitted her Answers in a timely manner, Defendants' Requests for Admissions should be deemed admitted, because Plaintiffs Answers are insufficient under Rule 36(a). Rule 36 requires that a responding party perform a "reasonable inquiry" as part of its good faith effort in responding to requests for admissions and that each answer "specifically deny [the truth of] the matter" contained in the requests or "set forth in detail the reason why the answering party cannot truthfully admit or deny the answer." Fed. R. Civ. P. 36(a); <u>see</u> **SIG** Swiss Industrial v. Fres-Co Systems, USA, C.A. 91-0699, 1993 U.S. Dist. **LEXIS** 6388, at *3, *5 (E.D. Pa. **Apr.** 30, 1993). Plaintiff failed to deny specifically the truth of the matter in each request, and failed to make a good faith, reasonable inquiry in responding to the Requests.

Plaintiffs Answers to Defendants' Requests for Admissions assert nothing more than general denials to each matter which she did not admit. See Exhibit B. This is contrary to the requirement in Rule 36 that Plaintiff specifically deny each request for admission. Fed. R. Civ. P. 36(a); Swiss Industrial, 1993 U.S. Dist. LEXIS 6388, at *3; see Panara v. Hertz Penske Truck Leasing, 122 F.R.D. 14, 17 (E.D. Pa. 1988) (answer that does not "specifically deny" matter is deficient). In Swiss Industrial, the responding party simply "denied" several of the requests for admissions that it received. Swiss Industrial, 1993 U.S. Dist. LEXIS 6388, at *2. In its separate answers to interrogatories, the responding party then explained that its denial of some of the matters in the requests was based on its inability to speak Japanese and that it did not have sufficient knowledge or information to answer those requests. Id. The court found that these denials violated Rule 36(a) because the responding party could not have truthfully admitted or denied those requests when it responded to the requests for admissions. Id. at *3; see also Thalheim v. Eberheim, 124 F.R.D. 34, 36, 38 (D. Ct. 1988) (recommending attorneys' fees because of responding party's unqualified general denial in response to the request for admissions, even when subsequently explained in amended responses and a reply memorandum); see Collier Dep. at 369-70, 374-76, 385, 404-05, 407, 434-36.

Further, Plaintiffs Answers fail to meet the requirement of Rule 36(a) that a party receiving requests for admissions must make a good faith effort to answer the requests by making reasonable inquiries into the truth of each matter. See Rhone-Poulenc Rorer, 1992 U.S. Dist. LEXIS 20249, at *8-15 (E.D. Pa. 1992) (deeming requests admitted where responding party made general denials and reference to a general response to one of the requests). When a responding party denies a request for admission, the court must decide "(1) whether the denial fairly meet the substance of the request; (2) whether good faith requires that the denial be

13

qualified; and **(3)** whether any 'qualification' which has been supplied is a good faith qualification." See United States v. Chevron, **1989** U.S. Dist. **LEXIS 10236,** at **\*8** (E.D. Pa. Aug. 30, 1989) (citing Thalheim, **124 F.R.D.** at **35**). Plaintiff has plainly failed to satisfy these criteria.

As set forth in detail above, Plaintiff's deposition testimony demonstrates that her denial of Requests Nos. **4, 7,** 11 and **22** in the Answers was incorrect. See Collier Dep. at **369-70, 374, 385, 404-05.** Moreover, her deposition testimony revealed that her denials to Requests Nos. 8 and 30 should have been qualified. See Collier Dep. at **375-76, 407.** The inconsistencies between Plaintiffs Answers and her deposition testimony are not surprising, given the acknowledgement by Plaintiff that she did not review her the substance of her Answers for accuracy at any time, either before Plaintiff's counsel purportedly submitted Answers on April **24,** or before Plaintiff signed a verification regarding the Answers on May 22, 2003. See Collier Dep. at **361-67.** Plaintiff simply did not compare her one word answers with the Requests for Admissions, saying that she did not have time to do so in her attorney's office on May 22. See Collier Dep. at **359-65.** Further, her testimony regarding the "general" discussion she had with her attorney about the substance of her answers, during which she and her counsel apparently disagreed about some of her answers, makes clear that at the time that the Answers were allegedly submitted in April, Plaintiff had not been consulted about the substances of the Answers. See Collier Dep. at **353, 361-65.**

In short, Plaintiff neglected to make sufficient reasonable inquiries, and failed to qualify her answers to Requests Nos. 8 and 30 or admit the truth of other Requests. Her conduct does not reflect a good faith attempt to comply with her obligations, and cannot justify her request to withdraw or amend her answers or to treat the belated answers as timely and adequate at this late

14

date. Accordingly, Defendants respectfully request that the Court deny Plaintiffs Motion for Withdrawal or Amendment of Admissions, and that the Requests be deemed admitted.

### C. In The Alternative, An Examination Of Plaintiff's Counsel's Computer Should Be Ordered.

Defendants submit that the circumstances outlined above – including the non-complying answers and the strong indications that the Answers were not served until May 23 – require no further review, and that the Requests should be deemed admitted. If, however, additional review is necessary to determine whether the Answers were timely and whether Plaintiff and her attorney acted in good faith in seeking leave to withdraw or amend the Answers, then an examination of Plaintiffs counsel's computer is plainly warranted. Plaintiffs counsel has made a representation to this Court that seems to be at odds with the circumstantial evidence and common sense, and, despite assurances to the contrary, he has not cooperated in the attempts by Defendants' counsel to confirm the representations. A simple examination would put this question to rest.

It is regrettable, of course, that a question is being raised about representations by counsel to the Court. It bears emphasis, however, that a similar challenge is made by Plaintiff. Plaintiff, a former in-house attorney with SEI, alleges that SEI's current and former General Counsel (both individual Defendants) broke the law, discriminated against her based on her race, and engaged in pretextual attempts to conceal their allegedly discriminatory animus. She contends that two respected attorneys are not being truthful in their denials and that they engaged in discrimination. She has made pointed accusations against members of the bar, which she has been permitted to pursue in an attempt to determine the truth. Defendants should be granted similar leeway to explore a critical representation made by an attorney which is open to challenge on multiple levels.

## III. CONCLUSION

For the reasons set forth above, Defendants respectfully request that the Court deny Plaintiff's Motion for Withdrawal or Amendment of Admissions.

Respectfully submitted,

*/s/ Jennifer C. Bell*
MICHAEL L. BANKS
JENNIFER CALABRESE BELL
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103-2921
215.963.5387/5186

Dated: June 16, 2003

**CERTIFICATE OF SERVICE**

I, Jennifer C. Bell, hereby certify that a true and correct copy of Defendants' Memorandum of Law in Opposition to Plaintiff's Motion for the Withdrawal or Amendment of Admissions has been served via hand delivery, this 16th day of June, 2003, upon the following:

> Alan Epstein, Esquire
> Seven Penn Center
> 1635 Market Street, 7th Floor
> Philadelphia, PA 19103

*Jennifer C. Bell*
Jennifer C. Bell

Date: June 16, 2003