IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| S. COURTNEY E. COLLIER,<br><br>    Plaintiff<br><br>    v.<br><br>SEI INVESTMENTS COMPANY, TODD CIPPERMAN, EDWARD LOUGHLIN, RICHARD LIEB, KEVIN JOHNSTON, KEVIN ROBINS and MARK NAGEL,<br><br>    Defendants | Civil Action<br><br>No. 02-3574 |

### PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION *IN LIMINE*

Plaintiff, S. Courtney E. Collier, through her counsel, Spector Gadon & Rosen, P.C., responds to defendants' Motion *In Limine* as follows:

1. Admitted in part, denied in part. It is admitted that plaintiff anticipates presenting testimony at trial concerning the disparate treatment of other female and minority employees by SEI generally and Todd Cipperman in particular. It is denied that such evidence is irrelevant to plaintiff's disparate treatment claims or will lead to a confusion of issues before the jury, or that the probative value of the proposed evidence is outweighed by its potentially prejudicial effect. In further response, the testimony by and about the disparate treatment of other employees is relevant to the issue of the pattern and practice at SEI, by Cipperman and others, of treating minority and female employees less favorably than Caucasian and male employees and its probative value outweighs any potential prejudice to defendants. *See West v. Philadelphia Electric Company*, 45 F.3d 744 (3d Cir. 1995); *Abrams v. Lightolier*, 50 F.3d 1024 (3d Cir. 1995); and *Aman v. Cort Furniture Rental Corporation*, 85 F.3d 1074, 1085 (3d Cir. 1996).

2. Admitted in part, denied in part. It is admitted that plaintiff anticipates offering into evidence at trial the compensation analysis prepared in 1999 and testimony concerning that analysis. It is denied that such evidence is irrelevant or statistically insignificant. In further response, the compensation analysis will show that plaintiff was paid disproportionately less than Caucasian and male attorneys employed by SEI.

3. Admitted in part, denied in part. It is admitted that plaintiff anticipates offering into evidence at trial the demographic composition of SEI's Vision Team and the demographic composition of SEI's 2001 Leadership Club. It is denied that such evidence is not probative of plaintiff's claims. In further response, both the demographic composition of the Vision Team and the 2001 Leadership Club is probative of the pattern and practice at SEI of excluding minorities from leadership roles and from prestigious perquisites provided to Caucasian employees of the company and reflects the discriminatory animus which led to the plaintiff's losses.

4. Admitted in part, denied in part. It is admitted that Plaintiff anticipates offering into evidence at trial the photograph taken during an event which was part of SEI's 2001 Leadership Club and will offer evidence regarding a costume party which was held as part of an earlier Leadership Club trip. It is denied that the proffered evidence is unrelated to plaintiff's claims or that the evidence, including the photograph, is unduly prejudicial or cumulative. In further response, evidence regarding company President Al West's costume at the 1999 Leadership Club ball and the theme and costuming selected by West and his wife for the 2001 Leadership Club ball are probative of a corporate culture which fosters discrimination on the basis of race. *Roebuck v. Drexel University*, 852 F.2d 715, 733 (3d Cir. 1988).

3

**WHEREFORE**, for the reasons set forth above and in the supporting Memorandum of Law, plaintiff respectfully requests that defendants Motion *In Limine* be denied.

Respectfully submitted,

**SPECTOR GADON & ROSEN, P.C.**

By: *Jennifer L Myers*
Alan B. Epstein, Esquire
Jennifer L. Myers, Esquire
Attorneys for plaintiff

Seven Penn Center
1635 Market Street, 7th Floor
Philadelphia, PA 19103
215-241-8888

Dated: June 23, 2003

4

## CERTIFICATE OF SERVICE

I, Jennifer L. Myers, hereby certify that a true and correct copy of Plaintiff's Response to Defendants' Motion in Limine has been served via United States first-class mail, this 23rd day of June, 2003, upon the following:

>    Michael Banks, Esquire
>    Jennifer C. Bell, Esquire
>    Morgan Lewis & Bockius, LLP
>    1701 Market Street
>    Philadelphia, PA 19103-2921

*[signature]*
JENNIFER L. MYERS, ESQUIRE

Dated: June 23, 2003