# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

S. COURTNEY E. COLLIER,

                     **Plaintiff,**

    v.

SEI INVESTMENTS COMPANY, TODD
CIPPERMAN, EDWARD LOUGHLIN,
RICHARD LIEB, KEVIN JOHNSTON,
KEVIN ROBINS and MARK NAGLE,

                    **Defendants.**

Civil Action No.  02-3574

---

## DEFENDANTS' PROPOSED JURY INSTRUCTIONS

---

MICHAEL L. BANKS (PA ID NO. 35052)
JENNIFER C. BELL (PA ID NO. 81045)
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
215.963.5387/5186

Attorneys for Defendants

Dated:  June 24, 2003

## **INTRODUCTION**

Defendants SEI Investments Company ("SEI Investments"), Todd Cipperman, Edward Loughlin, Richard Lieb, Kevin Johnston, Kevin Robins and Mark Nagle, (collectively, "Defendants"), by and through their counsel, hereby submit the following Proposed Jury Instructions and propose that they be used in the trial of the above-captioned matter. Defendants respectfully request that they be permitted to supplement or modify these Proposed Jury Instructions as may be necessary or appropriate after the close of the evidence, or during conference with the Court.

Respectfully Submitted,

MICHAEL L. BANKS (PA ID NO. 35052)
JENNIFER C. BELL (PA ID NO. 81045)
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
215.963.5387/5186

Attorneys for Defendants

Dated: June 24, 2003

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 1

### Province of the Court[1]

Members of the Jury:

Now that you have all of the evidence and the arguments of counsel, it is my duty to give you instructions concerning the law applicable to this case. It is your duty as jurors to follow the law as I will state it, and to apply that law to the facts as you find them from the evidence in the case. Do not single out one instruction alone as stating the law, but consider the instructions as a whole. You are not to be concerned about the wisdom of any rule of law stated by me. You must follow and apply the law.

---

[1]     Kevin F. O'Malley, et al., Federal Jury Practice and Instructions § 103.01 (5th ed. 2000).

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 2

### Objections, Arguments, and Motions

At times during the trial, objections were made to questions or to the introduction of evidence, or motions concerning applicable law may have been made.  Arguments in connection with such objections or motions were sometimes made out of the presence of the jury.  All rulings upon such objections or motions were based solely upon the law as I interpreted and applied it.  In connection with these rulings, I may have instructed you to disregard any information which you may have heard regarding the issue in question.  In reaching a decision in this matter, you must not consider any testimony, or other evidence which I instructed you to disregard, nor can you make any inferences based on any evidence I have told you to disregard.

3

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 3

### All Persons Equal Before the Law - Organizations[2]

In your deliberations, you must not consider the fact that Ms. Collier is an individual while SEI Investments is a corporation. A corporation is entitled to the same fair trial as a private individual. It is important to bear in mind that a corporation can only act through the people it employs and the decisions those people make. All parties in litigation, including corporations, stand equal before the law and are to be treated as equals in a court of justice. You must weigh and consider this case without regard to sympathy, prejudice, or passion against any party to the action. In reaching your verdict, you must not consider anything other than the evidence which has been presented to you in this action. Both the parties in this case and the public have the right to expect that you will carefully and impartially consider all the evidence in this case, follow the law as I state it for you, and then reach a just verdict regardless of the consequences.

---

[2]     Kevin F. O'Malley, et al., Federal Jury Practice and Instructions § 103.12 (5th ed. 2000).

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 4

### Existence of Litigation

I should also remind you that simply because defendants are sued does not mean that the defendants are liable. Anyone can file a lawsuit. The fact that Ms. Collier has filed this lawsuit against SEI Investments, Mr. Cipperman, Mr. Loughlin, Mr. Lieb, Mr. Johnston, Mr. Robins and Mr. Nagle does not, by itself, mean that the defendants have done anything that the law prohibits. That is for you to decide on the basis of the evidence.

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 5

### Witness Credibility, Inconsistencies, and Conflicts[3]

You should carefully examine all the testimony given, the circumstances under which each witness has testified, and every matter in evidence tending to show whether a witness is worthy of belief. Consider each witness' motive and state of mind, and demeanor while testifying. Consider the witness' ability to observe the matters to which he or she has testified, and whether the witness impresses you as having an accurate recollection of those matters.

Inconsistencies or discrepancies in the testimony of a witness or between testimony of different witnesses may or may not cause you to discredit such testimony. Two or more persons witnessing an incident or transaction may see, hear or honestly recollect it differently. An innocent misrecollection, like a failure of recollection, does happen. If different parts of the testimony of any witness or witnesses appear to be inconsistent, you, the jury, should try to reconcile the conflicting statements, whether of the same or different witnesses. And you should do so if it can be done fairly and satisfactorily.

If you decide, however, that there is a genuine and irreconcilable conflict of testimony, it is your function and duty to determine which, if any, of the contradictory statements you will believe. There is no magic formula by which one may determine how to resolve conflicting testimony. In your everyday affairs you determine for yourselves the reliability or unreliability of statements made to you by others and which statements you will believe and not believe. The

---

[3]     Kevin F. O'Malley, et al., Federal Jury Practice and Instructions § 105.01 (5th ed. 2000).

same tests that you use in your everyday dealings are the tests which you should apply in your deliberations. The interest or lack of interest of any witness in the outcome of this case -- that is, the extent to which he or she stands to gain or lose anything as a result of the decision in this case -- should be considered by you in determining what weight, if any, you will assign to that witness' testimony. For example, Ms. Collier has testified before you. The fact that she is the plaintiff, and therefore has an interest in the outcome of this case, is a matter for you to consider, together with your observation of her as a witness, in determining her credibility, the truthfulness of her testimony, and the weight, if any, you will give her testimony.

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 6

### Expert Witnesses[4]

The rules of evidence ordinarily do not permit a witness to testify as to opinions or conclusions. An exception to this rule is made for those whom we call "expert witnesses." An expert witness is a witness, who, by education and experience, has become expert in some art, science, profession, or calling. An expert witness may state an opinion as to relevant and material matters in which he professes to be an expert, and he may also state reasons for her opinion.

The value of the testimony of an expert witness depends on the learning and skill of the expert and varies with the circumstances of the case. You should consider each expert's opinion received and give it such weight as you think it deserves. You should consider the expert's knowledge and the reasons he assigned for any opinions he gave. You should accept her testimony if you find her qualifications sufficient and her reasons satisfactory. If, however, an expert's opinion is based on assumptions or factual conclusions that you consider to be mistaken or unwarranted, you may disregard all or any portion of the expert's opinion. The point is that

---

[4] This instruction is necessary only if the Court allows expert testimony from Dr. Bradley Beyer, who was listed as a witness for the first time in Plaintiff's Pre-Trial Memorandum. It is not clear whether Plaintiff is attempting to use this witness as an expert, but Plaintiff's Pre-Trial Memorandum states, "Dr. Beyer has knowledge and can testify to the emotional damages sustained by the plaintiff as a result of the defendants' conduct." Kevin F. O'Malley, et al., Federal Jury Practice and Instructions § 104.40 (5th ed. 2000).

the testimony of an expert is to be considered like any other testimony; it is to be tried by the same tests and is to receive just as much weight and credit as you may deem it entitled to receive viewed in connection with all of the evidence in this case.

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 7

### Burden of Proof[5]

One of the aspects of the case with which you must deal is the burden of proof. The burden of proof refers to Ms. Collier's obligation to prove certain essential facts that will be necessary for you to make your decision in this case. In your deliberations, it is important to bear in mind that Ms. Collier always has the burden of proof. This means that unless Ms. Collier can prove each essential element of her claims against SEI Investments, Mr. Cipperman, Mr. Loughlin, Mr. Lieb, Mr. Johnston, Mr. Robins and Mr. Nagle by a preponderance of the evidence, your verdict must be in favor of SEI Investments and the individual defendants. Stated differently, if Ms. Collier fails to prove just one of the essential elements of her claims, which I will explain to you shortly, you must find for SEI Investments and the individual defendants.

---

[5]    St. Mary's Honor Center v. Hicks, 113 S. Ct. 2742 (1993) (burden of proof remains with plaintiff at all time in employment discrimination action); McDonnell Douglas Corp v. Green, 411 U.S. 792, 802 (1973); Ezold v. Wolf, Block Schorr & Solis-Cohen, 983 F.2d 509 (3d Cir. 1992), cert. denied, 510 U.S. 826 (1993).

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 8

### Preponderance of the Evidence[6]

The term "preponderance of the evidence" means such evidence that, when considered and compared against the opposing evidence, has more convincing force and produces in your minds a belief that what is sought to be proven is more likely true than not true. It is a question of the quality of the evidence and not necessarily the quantity. In order for Ms. Collier to establish a fact by a preponderance of the evidence, Ms. Collier must prove that the fact is more likely true than not true. If you find that the weight of the evidence is evenly balanced between Ms. Collier and SEI Investments and the individual defendants, or that it favors SEI Investments and the individual defendants, then you must find in favor of SEI Investments and the individual defendants.

In determining whether any fact has been proven by a preponderance of the evidence, you must weigh the credible evidence. Credible evidence means all testimony, regardless of who called the witness, and all exhibits, regardless of who produced them, that you find worthy of belief.

Again, in your deliberations, it is important to always bear in mind that, unless I tell you otherwise, Ms. Collier always has the burden of proof as to each and every element of the case.

---

[6]     See 42 U.S.C. § 2000e *et seq.*; McDonnell Douglass Corp. v. Green, 411 U.S. 792, 802 (1973); Kotas v. Eastman Kodak Co., No. Civ. A. 95-CV-1634, 1997 WL 570907, at *16 n. 17 (E.D. Pa. Sept. 4, 1997) aff'd mem., 166 F.3d 1205 (3d Cir. 1998).

This means that if you find that Ms. Collier has failed to establish by a preponderance of the evidence any essential element of her claim – which I will explain to you – then you must find for SEI Investments and the individual defendants on that claim.

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 9

### Race and Sex Discrimination - Title VII, the PHRA

### Race Discrimination - Section 1981[7]

For Ms. Collier to meet her burden of proving intentional race or sex discrimination with respect to her termination from SEI Investments, her transfer to a position as vendor manager or her failure to be promoted to the Workforce Development Director position, Ms. Collier must prove by a preponderance of the evidence that SEI Investments intentionally discriminated against her because of her race or sex.

You are to take into consideration the reasons given by SEI Investments for terminating Ms. Collier, transferring her to the vendor manager position and failing to promote her. SEI Investments is required to do nothing more in this trial than to state legitimate, non-discriminatory reasons for its employment decisions. Under the law, SEI Investments need not prove that its reasons were good reasons or justifiable reasons, or that they are reasons with which you would agree. [8]

In this case, witnesses for SEI Investments testified that Ms. Collier was not promoted because the decision-makers concluded that Alice Lindenauer was the best candidate for the position. With regard to Ms. Collier's termination, witnesses for SEI Investments testified that Ms. Collier was terminated as part of a reduction in force, which included the elimination of her entire department. Finally, with regard to Ms. Collier's transfer to the vendor manager

---

[7]    Miller v. CIGNA Corp., 47 F.3d 586, 597 (3d Cir. 1995) (en banc).

[8]    Fuentes v. Perskie, 32 F.3d at 765; Ezold v. Wolf, Block, Schorr & Solis-Cohen, 983 F.2d 509, 527 (3d Cir. 1992), cert. denied, 114 S.Ct. 88 (1993).

13

position, witnesses for SEI Investments have testified that the transfer occurred because of Ms. Collier's unwillingness to continue working in SEI Investments' Legal Department.

You must accept these reasons as legitimate and non-discriminatory. It is perfectly legal for an employer like SEI Investments to evaluate an employee's conduct and performance and determine whether to promote her based on these factors. It is also legal for an employer like SEI Investments to transfer an employee who is unsatisfied with working in a particular area. Further, it is perfectly legal for an employer like SEI Investments to terminate an employee as part of a reduction of force for economic reasons. In fact, SEI Investments has the legal right to make employment decisions for a good reason, bad reason, or no reason at all, as long as race or sex is not the intentional reason for the decisions. The law does not require that employment decisions be what you might consider to be fair, only that they not be intentionally based on race or sex. Because SEI Investments has put forth legitimate, non-discriminatory reasons for terminating Ms. Collier, transferring her to the vendor manager position and for promoting Alice Lindenauer rather than Ms. Collier, Ms. Collier has the burden to prove to you, by a preponderance of the evidence, that the reasons asserted for these decisions are false and merely a pretext for intentional race or sex discrimination. The reasons given by SEI Investments cannot be considered a pretext for unlawful race or sex discrimination unless Plaintiff proves by a preponderance of the evidence that SEI Investments' stated reasons are false and that the real reason was intentional discrimination on the basis of race or sex. Simply proving that a reason is false will not suffice unless it has been proven to you that the real reason for SEI Investments' decisions was Ms. Collier's race or sex. If Ms. Collier fails to meet that burden, your verdict must be for SEI Investments and the individual defendants.

14

You are instructed that the reasons given by SEI Investments cannot be considered a pretext as long as the decision-makers had an honest belief that the facts upon which they based their decisions were true. Neither Ms. Collier's perception of her own conduct and performance, nor her personal belief that she must have been discriminated against on the basis of her race or sex, can control your determination. If you conclude that the decision makers at SEI Investments honestly believed that their decisions were based on legitimate business reasons, then you must return a verdict in favor of SEI Investments and the individual defendants. A verdict can be entered in favor of Ms. Collier only if you determine that there are "such weaknesses, implausibilities, inconsistencies, incoherences or contradictions" in each of SEI Investments proffered legitimate reasons for its actions such that those reasons are "unworthy of credence", and that the real motivation behind SEI Investments' decision was Ms. Collier's race or sex. Even if you find that SEI Investments' reasons are subject to doubt, you may not find against SEI Investments unless you also find that "the real reason" for that decision was Plaintiff's race or sex.

In evaluating the evidence in this case, you may not second-guess the wisdom of SEI Investments employment decisions. An employer like SEI Investments is free to do business in any way it sees fit.

Even if you find sufficient evidence to conclude that each of SEI Investments' stated non-discriminatory reasons for terminating Ms. Collier, transferring her to the vendor manager position or failing to promote her to the Workforce Development Director position are pretextual, your inquiry does not end. You cannot find for Ms. Collier unless you also conclude that her race or sex played a role in SEI Investments' decision making process and that it had a determinative effect on the outcome of that process. In other words, in order to succeed, Ms.

Collier must prove that SEI Investments would not have terminated Ms. Collier, transferred her

to the vendor manager, or promoted Alice Lindenauer over her "but for" her race or sex.[9]

---

[9]     St. Mary's Honor Ctr. v. Hicks, 509 U.S. at  507.

**PROPOSED JURY INSTRUCTION NO. 10**

**Retaliation—Title VII and the PHRA**

Ms. Collier has also claimed that SEI Investments retaliated against her by terminating her employment after she complained of discrimination, transferring her to the vendor manager position and failing to promote her to the Workforce Development Director position based on her complaint of discrimination. In order to succeed with respect to her claim that she was retaliated against because of her complaints of discrimination, Ms. Collier must prove that the real reason that SEI Investments terminated her employment was intentional retaliation directed at her by SEI Investments because she had complained about discrimination.

To establish a <u>prima facie</u> claim of unlawful retaliation, Ms. Collier has the burden of proving (1) that she complained to appropriate managers at SEI Investments or outside administrative agencies about unlawful discrimination; (2) that she suffered an adverse employment action shortly after such complaints; and (3) that a causal link exists between the alleged complaints and the adverse action; in other words, that she was terminated because of such complaints.

To prove that there was a causal connection between her alleged complaint of discrimination and SEI Investments' decision to terminate her, transfer her to the vendor manager position or its decision to promote Alice Lindenauer instead of her, Ms. Collier must produce evidence sufficient to raise an inference that her protected activity was the likely reason why SEI Investments terminated her.[10]  In determining whether a causal link exists, you should consider the closeness in time between the protected activity and the adverse employment action,

---

[10]    <u>Wright v. Montgomery Cty.</u>, No. Civ. A. 96-4597, 1999 WL 145205, at *5 (E.D.Pa. March 15, 1999) (unreported).

17

and whether the protected activity occurred before the adverse employment action. Ms. Collier also must show that the persons who took the adverse employment action knew at that time that Ms. Collier had engaged in protected activity and that these persons acted with retaliatory motive.

If you find that Ms. Collier has proved that she did, in fact, complain about unlawful discrimination and that someone at SEI Investments terminated her, transferred her to the vendor manager position or failed to promote her to the Workplace Development Director position shortly after actually learning about her complaints, and that a causal link exists between the protected activity and the adverse action, that does not mean that Ms. Collier has proven her claim of retaliation. Instead, you must next take into consideration the reasons given by SEI Investments for its decision to terminate Plaintiff, transfer Plaintiff to the vendor manager position or its failure to promote Plaintiff to the Workplace Development Director position . Under the law, SEI Investments need not prove that its reasons for terminating Ms. Collier were good reasons or justifiable reasons, or that they are reasons with which you would agree. Rather, SEI Investments is required to do nothing more than to state a legitimate, non-discriminatory reason for its decisions.[11]

In this case, witnesses for SEI Investments testified that Ms. Collier's employment was terminated as part of a reduction in force, which included the elimination of her entire department. In addition, witnesses for SEI Investments testified that Ms. Collier was not promoted because the decision-makers viewed Alice Lindenauer as the best candidate for the position as Workplace Development director. Finally, with regard to Ms. Collier's transfer to the vendor manager position, witnesses for SEI Investments have testified that the transfer occurred

18

because of Ms. Collier's unwillingness to continue working in SEI Investments' Legal Department.

I am instructing you that you must accept these reasons as legitimate and non-discriminatory. It is perfectly legal for a business like SEI Investments to make employment decisions based on such factors. In fact, SEI Investments has the legal right to make decisions for a good reason, a bad reason, or no reason at all, as long as retaliation is not the reason for the decision. The law does not require that employment decisions be what you might consider to be fair, only that they not be done to retaliate against a person for complaining about alleged discrimination.

It is Ms. Collier's burden, therefore, to prove to you, by a preponderance of the evidence, that the reason asserted by SEI Investments for terminating her is false and merely a pretext for retaliation. If she fails to meet that burden, then your verdict must be for SEI Investments and the individual defendants. The reasons given by SEI Investments cannot be considered a pretext for retaliation unless Ms. Collier proves by a preponderance of the evidence that SEI Investments' stated reasons are false and that the real reason was retaliation.[12] Simply proving that a reason is false will not suffice unless it has been proven to you that the real reason for SEI Investments' decisions to terminate Plaintiff, transfer her to the vendor manager position or to promote Alice Lindenauer to the Workplace Development Director position over Plaintiff was her complaints about discrimination.

In evaluating the evidence in this case, you may not second-guess the wisdom of SEI Investments decisions. Likewise, Ms. Collier's own perception of what SEI Investments

---

[11]    Krouse v. American Sterilizer Co., 126 F.3d 494, 504 (3d Cir. 1997).
[12]    Shaner v. Synthes, 204 F.3d 494, 502 (3d Cir. 2000).

should have or could have done to benefit her is not evidence that her complaints of discrimination resulted in SEI Investments' decision to terminate her, transfer her to the vendor manager position or to promote Alice Lindenauer to the Workplace Development Director position over Plaintiff. Similarly, Ms. Collier's personal belief that she must have been the subject of retaliation simply because she claims to have complained about discrimination is not evidence of retaliation. Rather, Ms. Collier must prove by a preponderance of the evidence that SEI Investments not only considered her complaints about discrimination in making the decision to terminate her, transfer her to the vendor manager position or to promote Alice Lindenauer to the Workplace Development Director position over Plaintiff but also that Ms. Collier's complaints about discrimination were a determinative factor in that decision.[13]

---

[13]     Krouse, 126 F.3d at 501.

If you find that Ms. Collier has proved by a preponderance of the evidence that she did complain about discrimination to members of management at SEI Investments, that the individual who made the decisions with respect to the decision to terminate her, transfer her to the vendor manager position or to promote Alice Lindenauer to the Workplace Development Director position over Plaintiff was aware of such complaints, and that the reasons given by SEI Investments for making this decision is false, then you may, but need not, conclude that Ms. Collier has proved that SEI Investments made this decision to terminate because of her complaints. Ultimately, the question you must decide on the retaliation claim is whether Ms. Collier has proved that the real reason for her termination, transfer to the vendor manager position and failure to be promoted was unlawful retaliation for her complaints of discrimination.

## PROPOSED JURY INSTRUCTION NUMBER 11

### Aiding and Abetting Sex and Race Discrimination – PHRA[14]

Ms. Collier has also sued individual defendants Mr. Cipperman, Mr. Loughlin, Mr. Lieb, Mr. Johnston, Mr. Robins and Mr. Nagle for aiding and abetting the discrimination and retaliation allegedly carried out by SEI Investments.   Under the Pennsylvania Human Relations Act or PHRA, individuals may be held liable for discrimination and retaliation if they "aided, abetted, incited or compelled" the performance of a discriminatory or retaliatory act.   A supervisor's liability can be predicated upon direct acts of discrimination or the failure to prevent discrimination by others.

If you find that SEI Investments did not unlawfully discriminate or retaliate against Ms. Collier, you must find that Mr. Cipperman, Mr. Loughlin, Mr. Lieb, Mr. Johnston, Mr. Robins and Mr. Nagle could not have aided or abetted any discriminatory or retaliatory act on SEI Investments' part and your verdict should be for Mr. Cipperman, Mr. Loughlin, Mr. Lieb, Mr. Johnston, Mr. Robins and Mr. Nagle.

If you find that SEI Investments did unlawfully discriminate or retaliate against Ms. Collier, you must determine on an individual basis whether Mr. Cipperman, Mr. Loughlin, Mr. Lieb, Mr. Johnston, Mr. Robins and Mr. Nagle participated in direct acts of discrimination or retaliation against Ms. Collier or whether they could have prevented, but failed to prevent, discriminatory or retaliatory acts by others.  A finding that SEI Investments engaged in unlawful discrimination or retaliation does not necessarily mean that any of the individual Defendants are liable for aiding and abetting that discrimination.

---

[14]    Davis v. Levy, Angstreich, Finney, Baldante, Rubinstein & Coren, P.C., 20 F. Supp. 2d 885, 887 (E.D.Pa. 1998).

## PROPOSED JURY INSTRUCTION NO. 12

### Pretext

I will now instruct you on what I mean by the word "pretext" as it relates to Ms. Collier's sex and race discrimination claims. In deciding whether the reasons given by SEI Investments for its decision to terminate Ms. Collier's employment are a pretext for intentional sex or race discrimination, you are really being asked to decide the motivation and intention behind that decision. You cannot conclude that the stated reasons were false and then assume without further inquiry that the real reason for the decision was to discriminate against Ms. Collier because of her sex or race. Simply disproving SEI Investments stated reasons, alone, is not sufficient to prove a claim of intentional discrimination. It is important for you to remember that Ms. Collier's burden of proving pretext is part of her ultimate burden of proving that SEI Investments intentionally discriminated against her because of her sex or race. To prevail in this case, Ms. Collier must prove by a preponderance of the evidence that SEI Investments' stated reasons are fabricated and that the real reason for SEI Investments' employment decisions was Ms. Collier's sex or race.[15]

The reasons given by SEI Investments cannot be considered a pretext as long as the decision-makers had an honest belief that the facts upon which he based her decision were true. Neither Ms. Collier's perception of her own conduct and performance, nor her personal belief that she must have been discriminated against on the basis of sex or race, can control your

---

[15]    Reeves v. Sanderson Plumbing, 120 S.Ct. at 2106; St. Mary's Honor Ctr. v. Hicks, 509 U.S. at 507; Fuentes v. Perksie, 32 F.3d at 764.

determination.[16] Even if you conclude that SEI Investments' reasons are subject to doubt, you may not find against SEI Investments and the individual defendants unless you also find that the real reason for SEI Investments' employment decisions was intentional discrimination.

---

[16]    Fuentes v. Perksie, 32 F.3d at 765; Ezold v. Wolf, Block, Schorr & Solis-Cohen, 983 F.2d at 533; Billet v. Cigna Corp., 940 F.2d 812, 816 (3d Cir. 1991).

## PROPOSED JURY INSTRUCTION NO. 13

### Business Judgment

In determining whether Ms. Collier has proven by a preponderance of the evidence that the reasons given by SEI Investments for its employment decision were untrue, remember that an employer is legally entitled to exercise its own business judgment in making business decisions. Neither you nor I can second-guess that business judgment. That fact that an employer's decision was incorrect, unfair, unwise or capricious, or even that a business judgment was based on personal favoritism or animosity, is irrelevant. Regardless of whether the reason or reasons appear incorrect or misguided to you, so long as you find that the employer acted on its stated reasons there can be no finding that the stated reasons are untrue.

Thus, it is not for you or me to decide whether SEI Investments' decision to terminate Ms. Collier's employment in April 2002, its decision to transfer her to the vendor manager position or its decision to promote Alice Lindenauer to the Workplace Development Director position over Plaintiff were good or correct business decisions. Rather, the only question is whether SEI Investments honestly believed that the facts upon which it based its decisions were true. If you find that SEI Investments actually held these beliefs, then you must return a verdict in favor of SEI Investments and the individual defendants.[17]

---

[17]    Fuentes v. Perksie, 32 F.3d at 765; Ezold v. Wolf, Block, Schorr & Solis-Cohen, 983 F.2d at 533.

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 14

### Summary

To sum up, you must find for SEI Investments and the individual defendants on Ms. Collier's sex and race discrimination claims unless you find that Ms. Collier has proven, by a preponderance of the evidence, that SEI Investments intentionally discriminated against Ms. Collier because of her sex or race in deciding to discharge her in April 2002, its decision to transfer her to the vendor manager position or its decision to promote Alice Lindenauer to the Workplace Development Director position over Plaintiff.  In other words, in order to find for Ms. Collier, you must find that except for her sex or her race, Ms. Collier would not have been discharged.  Ms. Collier cannot prevail simply by proving that SEI Investments was wrong or unwise in its decisions.

26

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 15

### Equal Pay Act[18/]

In this case Ms. Collier also claims that SEI Investments has discriminated against her because of her sex by paying her a lower wage for performing work substantially similar to work performed by men who are being paid more. The basis for Plaintiff's claim is a federal law called the Equal Pay Act. 29 U.S.C. § 206(d)(1); see also 29 C.F.R. § 1620 (1995). The Equal Pay Act claim applies only to Ms. Collier's claim that she was paid unequally because of her gender. It does not apply to any of her claims relating to promotions, transfers or the termination of her employment, nor does it apply to any of Ms. Collier's claims that she was treated differently because of her race.

---

18/    Defendants are providing this proposed jury instruction because Plaintiff's Pre-Trial Memorandum referenced an "Equal Pay Act" claim. However, Plaintiff did not raise such a claim in her Complaint, and the elements and burdens of proof relating to such a claim are entirely distinct from the claims that Plaintiff did assert in previous pleadings. Accordingly, Defendants object to any such claims being brought at trial.

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 16

### Equal Pay Act—Prima Facie Case and Affirmative Defenses

With respect to her Equal Pay Act claim, Ms. Collier has the initial burden of producing evidence and of persuading you by a preponderance of the evidence that:

1.    She was paid lower wages than a similarly situated male employee;

2.    She did work equal in skill, effort, and responsibility to the male employee whose work is the subject of comparison; and

3.    She and the person to whom she compares herself performed the work under similar working conditions.[19]

If Ms. Collier has failed to prove any one or more of the foregoing elements, then you must return a verdict in favor of SEI Investments with respect to the Plaintiff's Equal Pay Act claim. When determining whether Ms. Collier performed the same, or similar job as the male employees to whom she compared herself, you must look at actual job performance and content -- not job titles, classifications or descriptions.[20]

The terms "skill, effort, responsibility," constitute separate tests, each of which must be met in order for the equal pay standard to apply.[21] "Skill" includes an assessment of such factors as experience, training, education and ability. [22] "Effort" refers to the physical or

---

[19]    See Corning Glass Works v. Brennan, 417 U.S. 188 (1974); Shultz v. Wheaton Glass Co., 421 F.2d 259 (3d Cir.), cert. denied, 398 U.S. 905 (1970); Brennan v. Prince William Hosp. Corp., 503 F.2d 282 (4th Cir. 1974), cert. denied, 420 U.S. 972 (1975); Plemer v. Parsons-Gilbane, 713 F.2d 1127 (5th Cir. 1983); Brennan v. City Stores, Inc., 479 F.2d 235 (5th Cir. 1973); Shultz v. American Can Co-Dixie Prods., 424 F.2d 356 (8th Cir. 1970); Ammons v. Zia Co., 448 F.2d 117 (10th Cir. 1971).

[20]     Gunther v. County of Washington, 623 F.2d 1303, 1309 (9th Cir. 1979), aff'd, 425 U.S. 161, 101 S.Ct. 2242, 68 L.Ed.2d 751 (1981); see Welde v. Tetley, Inc., 864 F. Supp. 440, 443 (M.D. Pa. 1994), Byrnes v. Herion, Inc., 764 F. Supp. 1026, 1030 (W.D. Pa. 1991).

[21]    29 C.F.R. § 1620.14(a).

[22]    Welde, 864 F. Supp. at 442 (citing 29 C.F.R. § 1620.15)

mental exertion needed to perform the job.[23/] "Responsibility" concerns the degree of accountability required in performing a job, with emphasis on the importance of the job obligation.[24/]

You must not consider whether Ms. Collier's job duties and that of male employees to whom she compares herself are of the same "comparable worth" because, under the law, an employer's failure to furnish equal pay for "comparable work" or "like jobs" is not relevant.[25/] To the contrary, under the law, Ms. Collier can only compare herself to male individuals whose jobs are virtually identical to hers, that is, they would be very much alike or closely related to each other.[26/] If Ms. Collier fails to prove that male employees were paid more than she was for substantially similar work, then your verdict must be for SEI Investments on Plaintiff's Equal Pay Act Claim.

If, and only if, Ms. Collier proves her prima facie case, you must consider whether any of the exceptions, or affirmative defenses, are applicable. Regardless of whether Ms. Collier has met her burden as previously described, no violation of the Equal Pay Act has occurred if SEI Investments establishes that the Plaintiff's allegedly lower wage rate was the result of any one or more of the following:

    1.    A seniority system;

    2.    A merit system;

    3.    A system which measures earnings quantity or quality of production; or

---

[23/]    Id. (citing C.F.R. § 1620.16).
[24/]    Id. (citing 29 C.F.R. § 1620.17).
[25/]    Welde, 864 F. Supp. at 442 (citing Nulf v. Int'l Paper Co., 656 F.2d 553, 560 (10th Cir. 1981)).
[26/]    Angelo v. Bacharach Instrument Co., 555 F.2d 1164, 1175 (3d Cir. 1977).

4.      Any factor other than sex. [27]

In other words, regardless of whether the Plaintiff has met her burden, if SEI Investments establishes one or more of the foregoing defenses by a preponderance of the evidence, you must return a verdict in favor of SEI Investments with respect to the Plaintiff's Equal Pay Act claim.

The law provides that the any "factor other than sex" defense can include many explanations for the pay disparity.[28] For example, "factors other than sex" may include education, experience, prior salary, or any other factor related to performance of the job.[29]

---

[27]     29 U.S.C. § 206(d)(1); See Corning Glass Works v. Brennan, 417 U.S. 188 (1974); Shultz v. First Victoria Nat'l Bank, 420 F.2d 648 (5th Cir. 1969).

[28]     Kouba v. Allstate Ins. Co., 691 F.2d 873, 877 (9th Cir. 1982).

[29]     Dubowsky v. Stern, Lavinthal, Norgaard & Daly, 922 F. Supp. 985 (D.N.J. 1996).

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 17

### Damages[30]

If you find that Ms. Collier has carried her burden of proving by a preponderance of the evidence that SEI Investments or the individual defendants intentionally discriminated against Ms. Collier because of her race or aided and abetted SEI Investments' discrimination or retaliation on the basis of race or sex, you must then consider the issue of damages. The fact that I instruct you on the calculation of damages is not to be taken by you as an indication that I believe SEI Investments or the individual defendants have done anything wrong, or that damages should be awarded. It is for you to decide on the evidence presented and the rules of law I give you whether Ms. Collier is entitled to recover anything from SEI Investments or the individual defendants. If you decide she is not entitled to recover, your verdict will be for SEI Investments and the individual defendants and you need go no further.

---

[30]    4 Leonard B. Sand et al., Modern Federal Jury Instructions No. 87-31 (1991).

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 18

### Damages - Mitigation

A party who is intentionally discriminated against has a legal duty to do everything reasonably possible to minimize her own loss, and thus reduce the damages for which the other party is liable. This duty is known as the duty to mitigate damages. Based on this duty, any amounts that could have been earned with reasonable diligence by the person discriminated against must be subtracted from any back pay otherwise awarded.[31]

In this case, Ms. Collier had the duty to be reasonably diligent in seeking and maintaining employment substantially equivalent to the position from which she was terminated.[32] If you find that Ms. Collier did not make reasonable efforts to obtain substantially equivalent employment, Ms. Collier will have failed to mitigate her damages. Likewise, if you find that Ms. Collier did not make reasonable efforts to remain employed at Philadelphia Workforce Development. Any amounts that you determine that she could have earned should be deducted from any back pay awarded to her.[33]

Ms. Collier is seeking back pay from April 2002 through the present. Ms. Collier is also seeking back pay for any loss of salary that she would have received if she had been promoted to the Workplace Development Director position instead of Alice Lindenauer.

In calculating any back pay award, you must deduct all sums which Ms. Collier actually earned from other sources, such as Philadelphia Workforce Development, during this time period, including unemployment compensation, and other sums she earned or could have earned with reasonable diligence.

---

[31]    42 U.S.C. § 2000e-5(g)(1); Ford Motor Co. v. EEOC, 458 U.S. 219, 231 (1982).
[32]    See Booker v. Taylor Milk Co., Inc., 64 F.3d 860, 864 (3d Cir. 1995).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 19

### Compensatory Damages[34]

If you find that Ms. Collier has proven by a preponderance of the evidence that SEI Investments engaged in intentional discrimination resulting in her termination, her transfer to the vendor manager position or her failure to receive the promotion to the Workplace Development Director position, or that the individual defendants aided or abetted such discrimination or intentionally discriminated against Plaintiff on the basis of her race, she may be entitled to compensatory damages. Compensatory damages are designed to make Ms. Collier whole by placing her in the same position she would have been in had the events surrounding this lawsuit not occurred. Compensatory damages are damages separate and apart from "back pay" or "lost wages." The injuries for which you may award compensatory damages are: emotional pain, suffering, inconvenience, mental anguish, and other non-monetary losses, if any. Any compensatory damage award must derive solely from injury that is a direct result of SEI Investments' conduct.

Compensatory damage awards do not automatically follow from a finding in favor of Ms. Collier. Just as Ms. Collier must prove her case of discrimination, she must also separately prove all of her damages by a preponderance of the evidence. There is no such thing as a presumption of compensatory damages. You are not to award Ms. Collier compensatory damages unless you find that she has presented evidence of actual injury.[35] Speculative, unsubstantiated damages cannot be awarded. Any such compensatory damages must be based

---

[33]    Carden v. Westinghouse Elect. Corp., 850 F.2d 996, 1005 (3d Cir. 1988).

[34]    Carey v. Piphus, 435 U.S. 247 (1978).

on the evidence, and must be limited to the amounts, if any, which you determine to be

appropriate to compensate Ms. Collier for these losses.

---

[35] Gunby v. Pennsylvania Elec. Co., 840 F.2d 1108, 1121 (3d Cir. 1988) (no speculative compensatory damages are to be awarded; plaintiff must present evidence of actual injury), cert. denied, 492 U.S. 905 (1989); Erebia v. Chrysler Plastic Prod. Corp., 772 F.2d 1250, 1259 (6th Cir. 1985) ("there must be sufficient evidence to support the award"; because plaintiff's only proof of emotional harm consisted of his statements that he was "highly upset," court found evidence insufficient to support verdict for compensatory damages), cert. denied, 475 U.S. 1015 (1986).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 20

### Back Pay[36]

The law that prohibits intentional discrimination based on race and sex permits a successful plaintiff to recover "back pay" or "lost wages" which she would have earned if not for the alleged discriminatory action. In calculating an award of back pay, you must determine the net earnings Ms. Collier would have made had the discriminatory action not occurred, less any earnings or other compensation she received or reasonably could be expected to have received from other sources. The amount of back pay must be determined with reasonable certainty, and cannot be based upon speculation. The objective is to place Ms. Collier in no worse, but no better, a position than she would have been in had the alleged discrimination not existed. To award Ms. Collier more than what she would have earned would be to give her a windfall to which she is not entitled. In this regard, you must recognize that Ms. Collier bears the burden of proving her damages. You may not award damages for back pay or lost wages, or any other damages, unless Ms. Collier proves her entitlement to such damages with specificity. In order to determine Ms. Collier's damages for "back pay" or "lost wages," you must first determine the amount of wages and other benefits Ms. Collier would have earned at SEI Investments if the alleged discrimination had not occurred. Once you have determined what Ms. Collier would have earned had the alleged discrimination not occurred, you must then subtract the amount of wages and other benefits Ms. Collier has in fact received from other sources since the allegedly discriminatory acts occurred, or amounts that she could have earned with reasonable diligence.

Ms. Collier has testified that for a period of time after her employment ended at SEI, she was employed in another job for a different employer, and that the later employment

ended in April 2002. You may not award damages against SEI based on Ms. Collier's loss of the

job that she held after SEI.

---

[36]    <u>Anastasio v. Schering Corp.</u>, 838 F.2d 701, 707-10 (3d Cir. 1988).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 21

### Damages under the Equal Pay Act

If you return a verdict for Plaintiff with regard to her Equal Pay Act claim, then

you may award her the sum of money which you believe was withheld from her by SEI

Investments because of sex-based wage discrimination.

In order to calculate this figure you should:

1. Determine for each of the relevant years the actual annual salary that was paid to any male employee of SEI Investments who you find performed equal work to that performed by Plaintiff from September 1999 to April 2002.

2. Subtract the amount of money that Plaintiff earned over this period. This figure represents the back pay owed to Ms. collier for each year. You should award wages in this amount to Plaintiff for each year.[37]

If you are making any award of back pay under the Equal Pay Act, you should not

duplicate any amount of back pay that you have already awarded under one of Plaintiff's other

claims. Furthermore, you may not award damages under the Equal Pay Act for any period of

time after Ms. Collier's employment with SEI ended.

---

[37] See E.E.O.C. v. Liggett & Myers, Inc., 690 F.2d 1072 (4th Cir. 1982); Melanson v. Rantoul, 536 F. Supp. 271 (D.R.I. 1982); Pedreyra v. Cornell Prescription Pharmacies, Inc., 465 F. Supp. 936 (D. Colo. 1979); Bullock v. Pizza Hut, Inc. 429 F. Supp. 424 (M.D. La. 1977).

**THIS INSTRUCTION IS TO BE GIVEN ONLY IF
THE ISSUE OF PUNITIVE DAMAGES UNDER TITLE VII
IS SUBMITTED TO THE JURY**

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 22**

Ms. Collier also has alleged that SEI Investments' actions entitle her to punitive damages. Ordinarily, punitive damages are not awarded based solely on a finding of intentional discrimination. An individual who proves she was intentionally discriminated against may recover punitive damages, but only under very limited circumstances for particularly egregious behavior. In order to recover punitive damages, Ms. Collier must prove that SEI Investments acted with malice or with reckless indifference to her rights under the law.[38] Punitive damages may be awarded only for conduct that is malicious, willful and recklessly indifferent to the protected rights of others.[39] Again, the fact that Ms. Collier is seeking punitive damages does not mean that she is entitled to them.

Even if Ms. Collier proves that SEI Investments discriminated against her because of her race or sex, that does not necessarily mean that SEI Investments acted with malice or with reckless indifference to her rights; she must prove something more. Conduct that is malicious or recklessly indifferent means conduct that is different from and in addition to the conduct that constituted the discrimination. In other words, Ms. Collier must prove that SEI Investments not only discriminated against her because of her race or sex, but also that it treated her maliciously or with reckless indifference to her rights under the law.[40/]

Even if you find that any of SEI Investments' employees engaged in unlawful discrimination, you cannot award punitive damages if you find that the discriminatory acts were

---

[38]   42 U.S.C. § 1981a(b)(1).

[39]   Kolstad v. American Dental Ass'n, 527 U.S. 526, 536 (1999).

[40]   Id.; Bartek v. Urban Redevelopment Auth., 882 F.2d 739, 743-46 (3d Cir. 1989).

38

contrary to SEI Investments' good-faith efforts to comply with Title VII.[41]  Evidence of SEI

Investments' good-faith efforts would include the adoption of an anti-discrimination policy and

training of employees regarding the fact that discrimination is unlawful.[42]

---

40    Id.; Bartek v. Urban Redevelopment Auth., 882 F.2d 739, 743-46 (3d Cir. 1989).
41    Kolstad, 527 U.S. at 545.
42    Id.

## **DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 23**

### **Unanimous Verdict and Duty to Deliberate**[43]

The verdict you render must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree. Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment. You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views, and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times that you are not partisans. You are judges -- judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

---

[43]     Edward J. Devitt et al., Federal Jury Practice and Instructions § 74.01 (4th ed. 1987).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 24

### Special Verdict[44]

A special verdict form has been prepared for your use. You will take this form to the jury room. You will note that the questions call for a "NO" or "YES" answer. Once again, I remind you that each of your answers is to be unanimous. After the jury has decided on a unanimous answer, the foreperson should indicate that answer in the space provided. Note that your answers to some questions may make answering other questions unnecessary.

It is proper to add the caution that nothing said in these instructions and nothing in any form of the special verdict is meant to suggest or convey in any way or manner what verdict I think you should find. What the verdict shall be is your sole and exclusive duty and responsibility.

Respectfully submitted,

MICHAEL L. BANKS (PA ID NO. 35052)
JENNIFER C. BELL (PA ID NO. 81045)
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
215.963.5387/5186

Attorneys for Defendants

Dated: June 24, 2003

---

[44] Fed. R. Civ. P. 49(a); Edward J. Devitt et al., Federal Jury Practice and Instructions § 74.07 (4th ed. 1987).

41

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of Defendants'

Proposed Jury Instructions was served on this 24th day of June, 2003 by first-class mail

upon the following:


Alan B. Epstein, Esquire
Seven Penn Center
1635 Market Street, 7th Floor
Philadelphia, PA 19103

Attorney for the Plaintiff


Jennifer Calabrese Bell

Date: June 24, 2003